VILLAGE OF RIDGEWOOD, A MUNICIPAL CORPORATION, RELATOR, v. EDWARD HOPPER, INSPECTOR OF BUILDINGS OF THE BOROUGH OF GLEN ROCK, DEFENDANT.

THE BOROUGH OF GLEN ROCK, A MUNICIPAL CORPORATION, PROSECUTOR, v. BOARD OF PUBLIC UTILITY COMMISSIONERS OF THE STATE OF NEW JERSEY AND THE VILLAGE OF RIDGEWOOD, A MUNICIPAL CORPORATION, DEFENDANTS.

Argued May 9, 1935—Decided October 16, 1935.

Before BROGAN, CHIEF JUSTICE, and Justices LLOYD and DONGES.

For the relator, village of Ridgewood, *Thomas L. Zimmerman, Jr.*

For the defendant Edward Hopper and the prosecutor, the borough of Glen Rock, *Mackay & Mackay* (*Howard Mackay*, of counsel).

For the defendant board of public utility commissioners, *John A. Bernhard.*

PER CURIAM.

These two cases, because they are inter-related, will be considered together.

In the first case (Village of Ridgewood *v.* Edward Hopper, &c.,) the relator has been granted a rule to show cause why *mandamus* should not issue, commanding Mr. Hopper, the building inspector of Glen Rock, to file the plans and specifications presented to him by the relator, village of Ridgewood, and to issue a permit to the relator for the enlargement of its existing sewage disposal plant, which is located within the territorial limits of the borough of Glen Rock.

It appears that Ridgewood built its sewage disposal plant in Glen Rock in 1905; that it enlarged the plant in 1925; that in October, 1933, the Passaic valley sewage commission notified the village that its plant in Glen Rock was inadequate to properly dispose of the amount of sewage coming into the plant and that raw sewage was finding its way into Hohokus brook which resulted in the pollution of that stream, which is a tributary to the Passaic river; that the village of Ridgewood prepared plans for the enlargement of the existing plant, which is located on certain of the marsh lands in the outskirts of Glen Rock; that the plans were approved by the Passaic valley sewer commission. The relator then filed a petition with the board of public utility commissioners of

New Jersey and after hearing thereon the board determined that the enlargement of the sewage disposal plant was reasonably necessary for the "service, convenience and welfare of the public."

The borough of Glen Rock did not file an answer to the said petition before the board of public utility commissioners but objected to the jurisdiction of the board, contending that the village of Ridgewood, before it might enlarge said plant, was obliged to obtain the permission of the governing body of Glen Rock and the health board of that municipality, relying on the provisions of article XXI of the Home Rule act, section 1, chapter 152, *Pamph. L.* 1917, *p.* 397. *Cum. Supp. Comp. Stat.* 1911-1924, *p.* 2213, § *136-2101. But we think that this provision was intended to apply to new structures of the character mentioned in the statute (*supra*) and not to the extension or enlargement of existing structures. See *North Jersey Utilization and Sewage Disposal Plant* v. *Van Buskirk et al.,* 96 *N. J. L.* 546; 115 *Atl. Rep.* 215.

At all events, when the village of Ridgewood presented its plans and specifications for the enlargement of the disposal plant to the borough of Glen Rock, the building inspector refused to issue the building permit for the reasons stated above, viz., that it was not accompanied by the approval of the health board of the borough of Glen Rock and for the further reason that in the year 1929 the borough had passed a zoning ordinance which classifies the area in which the disposal plant is located, as zoned for residential purposes.

At the hearing before the public utility commission evidence was adduced that the enlargement of the plant was a public necessity and it was on this point that the board passed. A writ of *certiorari* was allowed to review the determination of the board of public utility commissioners that the enlargement was necessary for the service, convenience and welfare of the public, and this constitutes the second case (Glen Rock *v.* Public Utility Commissioners, &c.). The depositions disclose that the village of Ridgewood made no application to the governing body or to the health board of Glen Rock for a permit to enlarge its sewage facilities; that Ridgewood had ample lands of its own, suitable for disposal plant purposes,

and also that when certain areas in the village of Ridgewood shall have been developed these areas will not have sufficient sewage facilities under the present enlargement plans of the village of Ridgewood.

All of this testimony, taken under the writ of *certiorari* and made part of the return is, in our judgment, beside the issue because the operation of a disposal plant by a municipality is not a "public utility" within the meaning of the statute (*Pamph. L.* 1911, *ch.* 195; *Pamph. L.* 1921, *ch.* 149; *Cum. Supp. Comp. Stat.* 1911-1924, *p.* 2880, § *167-14; *Pamph. L.* 1926, *ch.* 146; *Cum. Supp. Comp. Stat.* 1925- 1930, *p.* 1487, § *167-14), and consequently the board of public utility commissioners was without jurisdiction. It follows therefore that the application to and hearing before the utility board was unnecessary and its determination nugatory. As to this matter therefore the prosecutor of the writ of *certiorari* must prevail, but it does not help the prosecutor on the meritorious question as to the right of the village of Ridgewood to enlarge the disposal plant. As we read the statute, which we think controlling, viz., article XXI of the Home Rule act (*supra*), we conclude that the first section of that article is not applicable to a situation like the one in hand but applies only where a municipality desires to build a new plant of the character here involved, outside its own limits, where before there was none. We likewise conclude that by the provisions of the fourth section of the same article (XXI) (*Cum. Supp. Comp. Stat.* 1911-1924, *p.* 2214, § *136-2104), which is as follows:

"4. Every municipality shall have full power, from time to time, to enlarge, increase, extend, renew, alter, replace, repair, cleanse, equip, operate and maintain any and all sewers, drains and other works or structures above mentioned, which may be owned or controlled by such municipality," the relator was entitled to enlarge its existing facility without the permission of the municipal body of Glen Rock.

We conclude therefore that a peremptory writ of *mandamus* should be awarded the relator, village of Ridgewood, to compel the issuance of a building permit for the extension or enlargement of its sewage disposal plant. We will, however,

consider that the relator had been awarded an alternative writ of *mandamus* in the first instance instead of a rule to show cause, in order that upon the award of our peremptory writ the pleadings thus fashioned may enable the defendant, borough of Glen Rock, to appeal to the Court of Errors and Appeals if it so desires.

On *certiorari,* judgment for prosecutor without costs.

On application for *mandamus,* judgment for relator without costs.