WILLIAM H. CROWE, JR., *ET AL.*, PLAINTIFFS-RESPON-
DENTS, CROSS-APPELLANTS, v. MAYOR AND COUNCIL
OF THE TOWNSHIP OF SPARTA, DEFENDANT-APPEL-
LANT, CROSS-RESPONDENT.

Superior Court of New Jersey
Appellate Division

Argued June 9, 1969—Decided July 1, 1969.

Before Judges CONFORD, KILKENNY and LEONARD.

*Mr. John R. Knox* argued the cause for respondents-cross-appellants (*Messrs. Morris, Downing & Sherred,* attorneys).

*Mr. Francis E. Bright* argued the cause for appellant-cross-respondent (*Messrs. Dolan & Dolan,* attorneys).

PER CURIAM.   We are not entirely satisfied with the reasoning of the trial court that the rate schedule fixed by the sewer rate ordinance is invalid because fixed to recover the capital cost of the sewer improvement project.

In the first place, the stipulation of facts indicates that as a result of discussions with sewer users before enacting the ordinance, the governing body decided to reduce the rates originally projected, and the final rate schedule reflects that

policy decision. One cannot confidently conclude that the municipality, when actually enacting the ordinance, expected any substantial return of capital to ensue therefrom. Actual experience, as seen *infra,* bears this out.

Secondly, we are not as clear as was the trial court that the case of *River Edge Homes, Inc. v. Borough of River Edge,* 130 *N. J. L.* 376 (*Sup. Ct.* 1943), is authority for prohibition of sewer rates designed to recapture cost of system construction as distinguished from expense of current maintenance. *River Edge* forbade only an assessment for special benefits when the project had been built as a general municipal improvement. *Cf. Jersey City, etc., Auth. v. Housing, etc., Jersey City,* 40 *N. J.* 145, 149 (1963). A municipality has plenary statutory power to charge for the use of sewerage facilities, *N. J. S. A.* 40:63–7, subject only to the general restriction against patent unreasonableness. Plaintiffs' real grievance here is the *amount* of the charges, contended to be unduly high as compared with sewer rates charged by other municipalities. The general fiscal situation and the peculiar requirements and costs in respect of the sewerage system of a particular municipality render comparisons of rates with those in another municipality of dubious value, at best, in determining reasonableness of the former.

But whether or not *River Edge, supra,* should be construed to proscribe sewer rates designed to recapture original cost and financing incidental thereto where a sewer project has been constructed as a general municipal improvement, we have concluded that the validity of this ordinance can and should be sustained on the basis that the municipality is not here actually recovering such original capital costs. In this regard, we entertain the view that even if historic cost in such a case as this cannot legally be recaptured through rates (a question we leave open) reasonable depreciation is an expense which may be considered in fixing the rates charged. A depreciation charge is for the purpose of accumulating a fund to *replace* the existing plant, not to pay for its historic cost. We think the municipality has implied

power to include depreciation in the rate base, within *N. J. S. A.* 40:63–7. (This section, which grants power to fix "charges" and "rents," also authorizes the governing body to "enlarge, increase, extend, review, alter, replace * * *" the sewer system.)

According to a stipulation below as to proofs defendant would adduce without contradiction, for the period in question, 1964 to 1967 inclusive, the rates charged the users yielded about $6,400 annually except for 1967 when they were $5,648.70. Operating expenses were about:

> 1964—$4900
> 1965—$4300
> 1966—$4900
> 1967—$5000

Reasonable depreciation would have been at least $3,257 per year.

█ █ It is thus obvious that the rates charged do not produce an unreasonable or excessive yield. Whether, or what part of, the expense of operation of this system should be imposed on the taxpayers of the municipality at large as opposed to the sewer system users, is a matter for the reasonable legislative judgment of the governing body. We find the sewer rate ordinance valid insofar as the rate schedule is concerned, and generally, with the one exception to be noted.

Defendant concedes that the provision for a "tap-in" fee is invalid, and that severable portion of the ordinance is herewith declared invalid, the remainder of the ordinance being upheld.

In view of the foregoing conclusions, we need not address ourselves to the validity of the alternative "equitable" remedy afforded defendant by the trial court.

Reversed and remanded for the entry of judgment consonant with this opinion. No costs.