CITY OF NORTH WILDWOOD; BOROUGH OF WILDWOOD CREST; TOWNSHIP OF MIDDLE; AND TOWNSHIP OF LOWER, MUNICIPAL CORPORATIONS OF THE STATE OF NEW JERSEY, INDIVIDUALLY AND ON BEHALF OF THE RESIDENTS OF SAID MUNICIPALITIES WHO ARE CONSUMERS OF WATER DELIVERED BY THE CITY OF WILDWOOD, PLAINTIFFS-APPELLANTS, v. BOARD OF COMMISSIONERS OF THE CITY OF WILDWOOD, A MUNICIPAL CORPORATION OF THE STATE OF NEW JERSEY, DEFENDANT-RESPONDENT.

Argued September 13, 1976—Decided October 28, 1976.

Mr. *Nielsen V. Lewis,* Deputy Attorney General, Dept. of Law and Public Safety, Div. of Law, argued the cause for appellant Board of Public Utility Commissioners (*Mr. William F. Hyland,* Attorney General of New Jersey, attorney; *Mr. Richard M. Conley,* Deputy Attorney General, of counsel; *Mr. Lewis* on the brief).

Mr. *William M. Balliete, Jr.* argued the cause for appellants (*Messrs. Cafiero and Balliete,* attorneys).

Mr. *John K. Groon* argued the cause for respondent (*Messrs. Hayman, Gorelich & Groon,* attorneys).

PER CURIAM. The City of Wildwood (Wildwood) supplies water to the inhabitants of the City of North Wildwood, Borough of Wildwood Crest, Township of Middle and Township of Lower. When Wildwood adopted an ordinance in 1973 increasing the water rates by 58%, the four municipalities filed a petition with the Board of Public Utility Commissioners (Board), requesting the Board to declare the proposed rates invalid and determining fair and reasonable water charges.

. The Board denied a request by Wildwood to dismiss the petition for lack of jurisdiction. After the Appellate Division granted Wildwood's motion for leave to appeal, it reversed in an unreported opinion. We granted the petitions for certification of the Board and of the four municipalities. 69 *N. J.* 82 (1975).

The relevant facts have been stipulated by the parties and may be summarized as follows:

Beginning in 1908 and continuously thereafter, the Wildwood Waterworks Company, a private public utility, distributed water in Wildwood, North Wildwood, Wildwood Crest, Lower Township and Middle Township. In 1915, the Waterworks Company sold its water system to the City of Wildwood which has continued to provide water for these communities. The City has always set rates in its ordinances. The instant proceeding was triggered by Wildwood's adoption of an amended ordinance which increased the rates, effective December 1, 1973.[1]

We held in *In re Glen Rock,* 25 *N. J.* 241 (1957) that where a municipality acquired before 1929 a water distribution system which served users in an adjoining municipality, rates charged to non-resident users were not subject to the regulatory power of the Board of Public Utility Commissioners. However, we found that the Board did have such rate regulatory jurisdiction with respect to water systems acquired after 1929. Our decision was predicated upon *N. J. S. A.* 40:62–49(f) (enacted in 1929) which authorized mu-

---

[1] The petitioners also filed a complaint in lieu of prerogative writ in the Superior Court in which they sought an order declaring that the Board of Public Utility Commissioners had jurisdiction and that the ordinance was invalid. It also sought to enjoin Wildwood from collecting the new rates. The Court denied a temporary restraint, but provided that all payments made by non-resident consumers "shall be considered made under protest. . ., that all consumers shall be entitled either to rebates or credits on future water rentals, based upon the rates determined to be valid" in either the proceedings before the Board or the Court.

nicipalities to furnish water to consumers beyond its border "under such terms and conditions as may be ordered by the board of public utility commissioners." Rates were deemed to be an appropriate term of service under the statute.

Ten years later Justice Francis, who had filed a vigorous dissent in *In re Glen Rock*, 25 *N. J.* at 252, writing for a unanimous court in *In re Complaint by Morris Tp.*, 49 *N. J.* 194 (1967), held that the water rates charged by the Town of Morristown to consumers in surrounding municipalities were subject to the regulatory authority of the Board where parts of the water distribution system serving users beyond Morristown's municipal limits had been acquired both before and after 1929. Under these circumstances neither reason nor policy justifies any viability in the holding in *In re Glen Rock* and we overrule it for the reasons expressed by Justice Francis in his dissent and in his opinion in *In re Complaint by Morris Tp.*

We note that the Legislature has recently provided that whenever any municipality with a waterworks or water supply furnishes water to consumers within any other municipality, the supplying municipality shall be subject to the same jurisdiction, regulation and control of the Board as other public utilities. *L.* 1975, *c.* 184, *N. J. S. A.* 40:62–85.2. The statute recognizes the policy that, when a municipality supplies water to residents of neighboring communities, it should be subject to all the obligations of a privately owned public utility, including the duty to charge fair and reasonable rates, and that the task of making such determinations should be entrusted in the first instance to an administrative agency with the appropriate expertise. The same policy is enunciated in *In re Complaint by Morris Tp.*, 49 *N. J.* at 205.

The statute was effective August 16, 1975, and is applicable to all proceedings instituted after that date. Our holding herein shall only be operative with respect to proceedings which had been instituted prior to the effective

358

date of the new law. Accordingly, the Board has jurisdiction in the instant proceedings.

The judgment of the Appellate Division is reversed and the matter remanded to the Board of Public Utility Commissioners.

*For reversal and remandment*—Chief Justice HUGHES, Justices MOUNTAIN, SULLIVAN, PASHMAN, CLIFFORD and SCHREIBER and Judge CONFORD—7.

*For affirmance*—None.