165 N.J. Super. 122 (1978)
397 A.2d 738
IN THE MATTER OF THE ESTATE OF ELIZABETH C. FISHER, DECEASED.
Superior Court of New Jersey, Probate Part.
Decided December 22, 1978.
*123 Mr. Jack H. Ungar, attorney for estate of Elizabeth C. Fisher, deceased.
Mr. Robert E. Popkin, Deputy Attorney General, appearing for Mr. John J. Degnan, Attorney General of New Jersey, attorney for claimant Ann Klein, Commissioner of the Department of Human Services.
LANE, A.J.S.C.
This matter is before the court on order to show cause for instructions as to whether the executors should pay the claim of the Department of Human Services.
During July 1974 decedent, who was then over the age of 65, applied for medical assistance benefits from the Department of Human Services, Division of Medical Assistance and Health Services. Commencing July 23, 1974 the Division reimbursed Medicenter for various medicaid expenses of decedent to the extent of $12,236.34. Decedent died April 11, 1976 leaving no surviving spouse or children eligible *124 for Medicaid benefits at the time of her death. Her estate, which consists primarily of a leasehold interest in Ocean Grove, after the payment of administration expenses and claims other than the claim of the Division, amounts to $8,585.50. If the Division's claim is paid, there will be no assets left for distribution under decedent's will.
The federal Medicaid statute (Grants to States for Medical Assistance and Health Services) is 42 U.S.C.A. § 1396-§ 1396k; Title XIX (§ 1901-§ 1912) of the Social Security Act. The statute was enacted to enable states to take advantage of partial federal funding of state-administered medical assistance programs. In order to be eligible for federal participation, the states were required to meet certain federal standards set forth in the federal Medicaid statute and regulations. See 42 U.S.C.A. § 1396a.
Failure to comply substantially with the terms of the federal standards or modification of the state plan so as to render it nonconforming with the requirements of 42 U.S.C.A. § 1396a may authorize the discontinuance of all or selected portions of the federal monies. 42 U.S.C.A. § 1396c.
The applicable federal statutory provision relating to recoupment of correctly paid Medicaid benefits from estates of certain deceased recipients, 42 U.S.C.A. § 1396a(a) (18), provides that a state plan for medical assistance must:
* * * provide that no lien may be imposed against the property of any individual prior to his death on account of medical assistance paid or to be paid on his behalf under the plan (except pursuant to the judgment of a court on account of benefits incorrectly paid on behalf of such individual), and that there shall be no adjustment or recovery (except, in the case of an individual who was 65 years of age or older when he received such assistance), from his estate, and then only after the death of his surviving spouse, if any, and only at a time when he has no surviving child who is under age 21 or (with respect to States eligible to participate in the State program established under subchapter XVI of this chapter), is blind or permanently and totally disabled, or is blind or disabled as defined in section 1382c of this title (with respect to States which are not eligible to participate in such program) of any medical *125 assistance correctly paid on behalf of such individual under the plan; * * *. [Emphasis supplied]
Similarly, the applicable federal regulatory provision relating to recoupment of correctly paid medical benefits from the estates of certain deceased recipients, 42 C.F.R. § 449.79(b), provides:
A State plan under title XIX of the Social Security Act must provide that: * * * (b) There will be no adjustment or recovery of medical assistance correctly-paid, except from the estate of an individual who was 65 years of age or older when he received such assistance, and then only after the death of his surviving spouse, if any, and only at a time when he has no surviving child who is under age 21 or is blind or permanently and totally disabled.
The New Jersey state plan was prepared and submitted to the Department of Health, Education and Welfare on December 18, 1969. It was approved by the federal agency on December 31, 1969, immediately prior to the January 1, 1970 effective date of the state Medicaid statute. (Medical Assistance and Health Services Act, N.J.S.A. 30:4D-1 et seq.)
According to the representations of both parties, the New Jersey plan included a provision authorizing recoupment of correctly paid benefits which was substantially identical to the federal statutory and regulatory provisions detailed above. Part IV, § g of the plan states:
There will be no adjustment or recovery of medical assistance correctly paid, except from the estate of an individual who was 65 years of age or older when he received such assistance, and then only after the death of his surviving spouse, if any, and only at a time when he has no surviving child who is under age 21 or is blind or permanently and totally disabled.
Four and one-half years after the January 1, 1970 effective date of the state Medicaid statute the claimant in the present litigation promulgated a regulatory provision effective July 24, 1974, authorizing recoupment of correctly *126 paid Medicaid benefits from the estates of certain deceased recipients. That provision, presently designated as N.J.A.C. 10:49-1.30, provides:
No lien may be imposed against the property of any individual prior to his death on account of medical assistance paid or to be paid on his behalf under the program (except pursuant to the judgment of a court on account of benefits incorrectly paid on behalf of such individual), and there shall be no adjustment or recovery of any medical assistance correctly paid on behalf of such individual under the plan, except in case of an individual who was 65 years of age or older when he received such assistance, from his estate, and then only after the death of his surviving spouse, if any, only at a time when he has no surviving child who is under 21 or is blind or permanently and totally disabled.
The estate admits that the deceased was of age 65 or over, had no surviving spouse and no surviving child under 21, blind or permanently and totally disabled. The estate maintains, however, that since there is no explicit provision under the New Jersey Medicaid statute, N.J.S.A. 30:4D-1 et seq., providing for recoupment of correctly paid Medicaid payments under these circumstances, the action of the Department of Human Services in promulgating N.J.A.C. 10:49-6.5 was ultra vires as beyond its authority under N.J.S.A. 30:4D-7.
The Commissioner of the Department of Human Services under N.J.S.A. 30:4D-7 has rule-making authority. That provision states in part:
The commissioner is authorized and empowered to issue, or to cause to be issued through the Division of Medical Assistance and Health Services all necessary rules and regulations and administrative orders, and to do or cause to be done all other acts and things necessary to secure for the State of New Jersey the maximum Federal participation that is available with respect to a program of medical assistance, consistent with fiscal responsibility and within the limits of funds available for any fiscal year, and to the extent authorized by the medical assistance program plan; to adopt fee schedules with regard to medical assistance benefits and otherwise to accomplish the purposes of this act, * * *. [Emphasis supplied]
*127 The only explicit provisions in the entire state Medicaid statute relating to recoupment of funds are found in N.J.S.A. 30:4D-7(h), (i), and (j), wherein the Commissioner is empowered:
h. To recover any and all payments incorrectly or illegally made to a recipient or provided from such provider, the recipient or his estate and to assess and collect such penalties as are provided for herein;
i. To recover any and all benefits incorrectly paid to a provider on behalf of a recipient from such recipient or from his estate and to assess and collect such penalties as are provided for herein, except that no lien may be imposed against property of the recipient prior to his death except pursuant to the judgment of a court;
j. To take all reasonable measures to ascertain the legal liability of third parties to pay for care and services (available under the plan) arising out of injury, disease, or disability; where it is known that a third party has a legal liability, to treat such legal liability as a resource of the individual on whose behalf the care and services are made available for purposes of determining eligibility; and in any case where such a legal liability is found to exist after medical assistance has been made available on behalf of the individual, to seek reimbursement for such assistance to the extent of such legal liability. In any case where such a legal liability is found the department shall be subrogated to the rights of the individual for whom medical assistance was made available; * * *.
It should be noted, however, that the powers contained in N.J.S.A. 30:4D-7 are not limited to those specifically there enumerated.
As stated by the New Jersey Supreme Court in Cole Nat'l Corp. v. State Bd. of Examiners, 57 N.J. 227 (1970):
At the outset, it should be recognized that administrative rules have in their support the rebuttable presumption of validity if they come within the ambit of delegated authority. Unless clearly ultra vires on their face, the person attacking them has the burden of proving otherwise. In re Weston, 36 N.J. 258 (1961), cert. den. 369 U.S. 864, 82 S.Ct. 1029, 8 L.Ed.2d 84 (1962); Consolidated Coal Co. et al. v. Kandle et al., 105 N.J. Super. 104 (App. Div. 1969), aff'd 54 N.J. 11 (1969). [at 231]
*128 See also, N.J. Pharmaceutical Ass'n v. Klein, 140 N.J. Super. 16, 23 (App. Div. 1976).
While the court can be guided by an administrative agency's interpretation of a statute it is charged with enforcing, In re Application of Saddle Brook, 71 N.J. 14, 24 (1976); In re Glen Rock, 25 N.J. 241, 246 (1957), overruled on other grounds, North Wildwood v. Wildwood Bd. of Comm'rs, 71 N.J. 354, 357 (1976), the agency's interpretation cannot be allowed to change the scope of the statutory language. Service Armament Co. v. Hyland, 70 N.J. 550, 563 (1976), rev'g 131 N.J. Super. 38, 49 (App. Div. 1974). An administrative agency may not, under the guise of interpretation, extend a statute to include persons not intended nor may it give the statute any greater effect than its language allows. Kingsley v. Hawthorne Fabrics, Inc., 41 N.J. 521, 528 (1964). However, an administrative regulation purporting to regulate a statute will not be set aside on the ground that it transgresses the statute, "unless the transgression is plain." Lane v. Holderman, 40 N.J. Super. 329, 335 (App. Div. 1956), mod. on other grounds and aff'd 23 N.J. 304 (1957). See also, In re Fair Hearing, 138 N.J. Super. 417, 422 (App. Div. 1976).
An explicit provision relative to recoupment in the present circumstances is absent from N.J.S.A. 30:4D-1 et seq., but under the preamble to the specific powers enumerated in N.J.S.A. 30:4D-7 the Commissioner is "authorized and empowered to issue * * * all necessary rules and regulation and administrative orders, and to do or cause to be done all other acts and things necessary to secure for the State of New Jersey the maximum Federal participation that is available with respect to a program of medical assistance * * * to the extent authorized by the medical assistance program plan * * *." (Emphasis supplied.)
Although the court has not been furnished a copy of the actual New Jersey plan submitted to and approved by Department of Health, Education and Welfare, the parties agree that the state plan did provide for recoupment in the *129 present situation. It follows, then, that although the statute, N.J.S.A. 30:4D-1 et seq., does not specifically mandate recoupment in the instant situation by its own terms, it does so provide by reference to the state plan.
The estate maintains that the preamble to N.J.S.A. 30:4D-7 only speaks in terms of "necessary" rules, regulations and acts and that the federal statute and regulation do not affirmatively mandate state adoption of this recoupment provision. This contention is not without merit. The wording of 42 U.S.C.A. § 1396a(a) (18) is arguably susceptible of either a permissive or mandatory interpretation.
The estate's arguments are undercut, however, by reference to 42 U.S.C.A. § 1396c, which provides in relevant part:
If the Secretary, after reasonable notice and opportunity for hearing to the State agency administering or supervising the administration of the State plan approved under this subchapter, finds 
(1) that the plan has been so changed that it no longer complies with the provisions of section 1396a of this title; or
(2) that in the administration of the plan there is a failure to comply substantially with any such provision;
the Secretary shall notify such State agency that further payments will not be made to the State (or, in his discretion, the payments will be limited to categories under or parts of the State plan not affected by such failure), until the Secretary is satisfied that there will no longer be any such failure to comply. Until he is so satisfied he shall make no further payments to such State (or shall limit payments to categories under or parts of the State plan not affected by such failure).
In reading N.J.S.A. 30:4D-7 and 42 U.S.C.A. § 1396c in pari materia, it must be concluded that whether or not the recoupment provision in issue is "necessary" to approval of the state plan in the first instance, once a state plan containing such a provision is approved at the federal level, it is incumbent upon the state administrative agency to enforce the provision on penalty of the loss of federal funding provided for in 42 U.S.C.A. § 1396c.
While it is clear that the general philosophy is to grant Medicaid payments absolutely and unconditionally, it is also *130 true that it is in the interest of both the State and Federal Governments to accomplish this salutory end in as economical fashion as possible. See discussion of the public hearings before the Senate and Assembly Committees in Hedgebeth v. Medford, 74 N.J. 360, 366 (1977).
As another court observed in a situation involving an identical recoupment provision, with the exception that the provision was explicitly contained in the state statute:
Much as my sympathies might compel me to respect the wishes of testatrix and the dispositions made under her will, I am nevertheless cognizant of the fact that the law has been beneficent to the deceased during her lifetime and that the interests of the tax paying public should also be considered. [In re Estate of Rapalje, 73 Misc.2d 16, 19, 341 N.Y.S.2d 183, 186 (Sur. Ct., 1973)]
Since the original state plan included the recoupment provision in issue, N.J.A.C. 10:49-6.5 represents a valid exercise of the rule-making authority delegated to the Commissioner under N.J.S.A. 30:4D-7. Insofar as the effective date of the regulation was one day after the deceased started receiving Medicaid benefits, the first day's benefits would be deducted from the amount the State is entitled to receive. However, this is academic since there are insufficient assets to pay the entire claim. The executors are instructed that the claim of the Division will be paid to the extent possible.