John D. Bennett, S.
In this accounting proceeding the Commissioner of the Board of Social Services of Nassau County (hereinafter referred to as the “County”) has filed a claim against the estate for reimbursement of medical public assistance granted to the decedent and her husband.
The decedent and her husband resided at a home owned by them as tenants by the entirety. The decedent’s husband died on December 18, 1963, and the decedent died less than two years later on March 16, 1965. From 1957 until the time of their respective deaths both parties received medical aid at several hospitals in Nassau County. In addition, the decedent was admitted to the Patterson Home for a period of time during 1964 to 1965.
All parties concerned concede that the County expended funds for medical assistance on behalf of both the decedent and her husband. However, a dispute arose as to whether or not reimbursements should be allowed.
The executor and remaindermen contend that the County is limited to reimbursement for medical assistance as provided under section 258 of the Social Welfare Law (now Social Services Law, § 369) and precluded from recovering pursuant to section 104 of the Social Services Law. Section 104 of the Social Services Law provides in part: “A public welfare official may
bring action or proceeding against a person discovered to have real or personal property, or against the estate or the executors, administrators and successors in interest of a person who dies leaving real or personal property, if such person, or any one for whose support he is or was liable, received assistance *197 and care during the preceding ten years, and shall be entitled to recover up to the value of such property the cost of such assistance or care. Any public assistance or care received by such person shall constitute an implied contract. No claim of a public welfare official against the estate or the executors, administrators and successors in interest of a person who dies leaving real or personal property, shall be barred or defeated, in whole or in part, by any lack of sufficiency of ability on the part of such person during the period assistance and care were received.”
Section 258 of the Social Welfare Law provided in part that: “ Nor shall there be any adjustment or recovery from the recipient’s estate for assistance correctly paid except after the deaths of the recipient of such assistance and of his surviving spouse, if any.”
This court finds that section 258 merely places a limitation on the reimbursement provisions of section 104 of the Social Services Law for medical assistance and that said section does not entirely preclude the County from recovering from the estate of the surviving spouse. Section 258 provides that recovery can only be had against an estate, of a recipient of medical assistance after his death and that of his surviving spouse, if any. The decedent herein admittedly died owning real property and accordingly the court finds that the County has a proper lien against her estate for medical assistance rendered to both her and her husband, less any moneys paid by the executor on account of the County’s claim and subject to the findings discussed hereafter concerning the Oyster Bay Hospital expenditures.
The remaindermen contend the County must prove as a prerequisite to reimbursement that the decedent herein had * ‘ sufficient ability ’ ’ to reimburse the County at the time the payments were made. Although it is irrelevant, this court finds that both the decedent and her husband were able to reimburse the County at the time the assistance was rendered since they owned real property. However, even if either of said parties subsequently acquired the property they would still be liable (Social Services Law, § 104; Social Welfare Law, § 258 [now Social Services Law, § 369]; Matter of Karnbach, 208 Misc. 693; Trussell v. Kostiw, 35 Misc 2d 60).
It appears that the decedent was hospitalized at the Oyster Bay Hospital for a period from October 30,1963 to May 20,1964, and that the County was charged by said hospital at the rate of $35.92. From the evidence before the court it appears that the decedent on an individual basis would have been billed a daily rate of $28 while hospitalized at said hospital, but the County Avas charged $35.92 based on a contractual agreement between *198 the hospital and the County wherein they have agreed to fix a flat rate for all welfare patients who are hospitalized in said hospital regardless of what the usual daily rate may be. It would appear that in some instances the daily rate would be considerably higher than the amount agreed upon between said hospital and the County, and in other instances it would be lower. Section 104 of the Social Services Law provides that the County be reimbursed for the cost of assistance or care. While this court is unable to find any case construing the exact meaning of the word “ cost ” as employed in the statute, the County’s claim for reimbursement of a sum in excess of what the individual would have paid herself is improper (see 70 C. J. S., Paupers, § 64, subd. b).
The burden of proving a claim against an estate where it has been rejected rests upon the claimant. The County has failed to cite any authority upholding their position that they are entitled to full recovery of all expenditures made regardless of whether they are necessary or not. Accordingly, the amount to be reimbursed to the County for the care of the decedent while she was hospitalized at Oyster Bay Hospital should be determined on a daily rate of $28.
In view of the fact that other objections have been filed in the within account, this matter will appear on the court’s calendar on March 20,1968 at 9:30 a.m.