Joseph W. Cribe, S.
Decedent, from March 5, 1970, until the date of her death on March 16,1971, was a patient at the Geneva General Hospital in Geneva, New York. During this period of time, bills incurred by her in connection with her illness were paid by the Ontario County Department of Social Services in the amount of $14,465.72 under the medical assistance program known as Medicaid, authorized by title 11 of article 5 of the Social Services Law of New York. This amount so expended was conceded by the executrix of the estate to be correct.
The Ontario County Department of Social Services duly filed its claim against decedent’s estate to recover the moneys so expended by it and the claim was subsequently rejected by the executrix of the estate.
In its account filed with this court, the estate shows a balance for final distribution in the amount of $6,061.46, subject to certain unpaid administration expenses. This balance comes from the .sale of certain real estate owned by decedent at the time of her death and from other assets of $264.10 in cash. Accordingly, there is not sufficient money available to reimburse the department in full for its expenditures on decedent’s behalf, and it can recover only a portion of the money it spent in the event that its claim is honored in this proceeding. The estate, however, takes the position that the department should recover nothing and that the moneys should be distributed to four individual legatees and to the North Presbyterian Church of Geneva, New York.
The issue here, in substance, is whether a recovery should be permitted under the statute which authorized the department to pay decedent’s hospital and medical expenses; namely, title *18 11 of article 5 of the Social Services Law. Section 369 of this law states that there can he no recovery from an estate of medical assistance correctly paid unless the decedent was 65 or older at the time assistance was received,- and then only if there were no surviving spouse or minor or disabled child surviving. In this instance, decedent was over 65 at the time she received the assistance, she left no surviving spouse or child, and no issue has arisen as to the correctness of the payment.
Two sections of the Social Services Law seem to be involved in arriving at a determination of the validity of this claim. One is section 366 (subd. 2, par. [a]) which reads as follows:
‘ ‘ The following income and resources shall be exempt and shall neither be taken into consideration nor required to be applied toward the payment or part payment of the cost of medical care and services available under this title:
“ (1) a homestead which is essential and appropriate to the needs of the household;
“ (2) essential personal property”.
Section 366 of the Social Services Law is entitled ‘ ‘ Eligibility ” and this is the section from which the above quote is taken.
The other is section 369 (subd. 1, par. [b]) which reads as follows: “ there shall be no adjustment or recovery of any medical assistance correctly paid on behalf of such individual under this title, except from the estate of an individual who was sixty-five years of age or older when he received such assistance, and then only after the death of his surviving spouse, if any, and only at a time when he has no surviving child who is under twenty-one years of age or is blind or permanently and totally disabled, provided, however, that nothing herein contained shall be construed to prohibit any adjustment or recovery for medical assistance furnished pursuant to subdivision three of section three hundred sixty-six of this chapter.”
It is argued on behalf of the estate that no recovery can be realized by the Department of Social Services because decedent’s ownership of real estate did not originally make her ineligible for medical assistance inasmuch as section 366 of the statute exempts a homestead from consideration in determining eligibility. The estate further contends that this exemption carries down through and beyond the death of the recipient and maintains its exempt characteristic, preventing a later recovery by the agency which rendered medical assistance.
It, is my opinion that section 366 merely precludes denying relief to persons who have certain assets, in other words that an applicant is not ineligible merely because he or she owns *19 certain assets or resources which are declared exempt in section. 366. In other words, section 366 merely relates to the eligibility of a person to receive medical assistance.
It would seem that the Department of Social Services should be able to recover money expended by it on behalf of the person entitled thereto providing such recoupment does not violate public policy. It is obvious from a reading of section 369 (subd. 1, par. [b]) that certain limitations are placed upon such recoupment in the event that the recipient died leaving a surviving spouse or children under the age of 21 years or children who are blind or permanently and totally disabled. Section 369 (subd. 1, par. [b]), to repeat, states “ there shall be no adjustment or recovery of any medical assistance correctly paid on behalf of1 such individual under this title, except from the estate [emphasis added] of an individual who was sixty-five years of age or older when he received such assistance, and then only after the death of his surviving spouse, if.any, and only at a time when he has no surviving child who is under twenty-one years of age or is blind or permanently and totally disabled ”. To put this in a positive stance instead of a negative one, it would seem that by implication section 369 dPes permit a recovery against an estate except for the restrictions relative to a surviving spouse and children. In the instant case the recipient was over 65, left no surviving spouse and no issue. It seems obvious that section 369 permits a, recovery but merely delays the collection of the same.
Much as my sympathies might compel me to respect the wishes of testatrix and the dispositions made under her will, I am nevertheless cognizant of the fact that the law has been beneficent to the deceased during her lifetime and that the interests of the tax paying public should also be considered.
The claim of the Department of Social Services of Ontario County, heretofore rejected by the estate, is hereby allowed and, since the estate is not of sufficient assets to pay the same in full, it is allowed subject to any lawful administration expenses incurred in connection with the settlement of said estate.