Reginald S. Oliver,
S. Charles W. Harris died April 27, 1972 survived by his wife, Ethel. She died October 24, 1974. From April, 1967 until his death Charles had been paid Medicaid in the total amount of $25,618.79 by the Wayne County Department of Social Services. When he died, he was 78 years of age. It is conceded the payments were correctly made.
Ethel, who was 82 years of age at the time of her death, had been paid Medicaid in the amount of $513.60. The claim filed in her estate for reimbursement of this sum is uncontested. The Department of Social Services also has filed in her estate a claim for reimbursement of the payments made on behalf of her husband, and the executor has rejected the claim on two grounds. First, it is contended that there is no right to reimbursement for Medicaid correctly paid on behalf of a recipient from a responsible relative of such recipient. Second, the executor takes the position that the statute involved (Social Services Law, § 369) is unconstitutional since it provides for adjustment or recovery of medical assistance correctly paid only from the estate of an individual who was 65 years of age or older when he received such assistance, but provides for no such adjustment or recovery against the estate of an individual who dies under the age of 65 years.
An examination of the estate tax proceeding in the Charles W. Harris estate reveals a gross estate of $10,130, of which $9,800 is represented by the valuation of real property owned by Charles and Ethel as tenants by the entirety. Although a claim was filed in his estate on February 3, 1975 for the medical assistance paid him, his estate has no assets which can be applied to the claim. Upon his death, title to the real estate became wholly in his surviving spouse and was not *62 subject to payment of his debts. (3 Warren’s Heaton, Surrogates’ Courts Practice, §257, par 3.) There were no other assets in his estate, after payment of funeral and administration expenses, to apply after Ethel’s death to the claim for reimbursement.
In Ethel’s estate, her assets, after payment of funeral expenses and other obligations, total approximately $20,000. This sum is subject to counsel fees and disbursements.
The sole question is whether the Department of Social Services is entitled to reimbursement from Ethel’s estate for Medicaid correctly paid to her husband during his lifetime.
No cases in point have been cited by either the attorney for the estate of Ethel Harris or the attorney for the Department of Social Services. The only statement on the problem is dictum in Matter of Colon (83 Misc 2d 344) decided by Surrogate Sobel. Judge Sobel’s decision sets forth the applicable general principles which apply to cases where claims are filed by a department against estates, legatees and distributees for recovery of public assistance and care paid to needy recipients. He points out that medical assistance is paid to those who are "medically indigent”, but who possess a "minima of income and assets.” Further, recovery of correctly paid medical assistance is limited by Congress, and no mention is made in the statute permitting recovery from the estate of a responsible relative. Judge Sobel writes at page 356:
"In substance, section 369 provides
"(a) No lien may be imposed on the property of any living MA recipient. (A similar provision is contained in the Federal OASDI and SSI programs.)
"(b) No recovery for MA assistance may be had from any living recipient. (See US Cong News, 1965, pp 2020 & 2147.)
"(c) No recovery may be had from the estate of a deceased recipient except from the estate of a deceased recipient who was 65 or over when he received MA and then only if he is not survived by a spouse or a child under 21 or blind or disabled. (Matter of Rundell, 41 AD2d 995; Matter of Rapalje, 73 Misc 2d 16, supra.)
"(d) By cross reference to subdivision 3 of section 366, section 369 also permits recovery from a living RR (spouse or adult parent of a recipient) provided such RR was of 'sufficient ability’ during the period of assistance. No mention is made of recovery from the estate of an RR.
*63 "As observed, section 369 severely limits recovery for MA correctly paid. Often recovery for AFDC benefits may be had from a recipient, his estate or the estate of an RR in circumstances where recovery for MA is forbidden by section 369. (Moore v Nassau County Dept. of Public Transp., 78 Misc 2d 1066, 1071-1072.)”
Section 369 of the Social Services Law was enacted by the State of New York to comply with the requirements of the Federal law (US Code, tit 42, § 1396a, subd [a]) which provides:
"A State plan for medical assistance must * * *
"(18) provide that no lien may be imposed against the property of any individual prior to his death on account of medical assistance paid or to be paid on his behalf under the plan (except pursuant to the judgment of a court on account of benefits incorrectly paid on behalf of such individual), and that there shall be no adjustment or recovery (except, in the case of an individual who was 65 years of age or older when he received such assistance, from his estate, and then only after the death of his surviving spouse, if any, and only at a time when he has no surviving child who is under age 21 or (with respect to States eligible to participate in the State program established under subchapter XVI of this chapter), is blind or permanently and totally disabled, or is blind or disabled as defined in section 1382c of this title with respect to States which are not eligible to participate in such program) of any medical assistance correctly paid on behalf of such individual under the plan”.
The New York State Legislature (L 1970, ch 517, § 1) set forth a statement of policy to comply with Federal rules to receive Federal funds. It was and is the stated intent of the Legislature to meet all necessary Federal requirements under the Social Security Act. The courts must of necessity interpret the law so that the intent is carried out and Federal reimbursement not be jeopardized.
In keeping with this theory, that part of section 369 (subd 1, par [b]) of the Social Services Law which authorizes a lien for medical assistance rendered for an injured person was held to be invalid because it went beyond the Federal regulation, which is binding on the New York State medical assistance program. (Moore v Nassau County Dept. of Transp., 78 Misc 2d 1066; see, also, Barsman v Mannix, 46 AD2d 885.)
Matter of Cook (56 Misc 2d 196) is cited by the department’s *64 attorney as authority for reimbursement out of Ethel’s estate, as a responsible relative. This case construed, section 258, the predecessor of section 369. These sections differ in that there is no limitation on recovery set forth in the prior law. The court also apparently did not consider that on the death of the first tenant by the entirety of real property, his estate ceases to have any interest in such property. Matter of Cook cannot be held to apply to the law as it is now written.
It is the obvious intent of Congress not to permit the impoverishment of a recipient of medical assistance, or his otherwise responsible relatives, except in the limited circumstances set forth (US Code, tit 42, § 1396a, subd [a], par [18]). It is clear from that section that no recovery can be had for medical assistance properly paid, except from the estate of the recipient, under certain conditions. (See Matter of Rios, 84 Misc 2d 437.)
Matter of Rundell (41 AD2d 995) cited by Judge Sobel in Colon (83 Misc 2d 344, supra) is similar to the instant case. Decedent had received medical assistance for approximately four years prior to his death. He was survived by a spouse. The Third Department held it was clear that section 369 (subd 1, par [b]) precluded recovery on account of medical assistance against the property in the estate of any individual who leaves a surviving spouse. Finding that there had been no abandonment of the decedent by his wife, even though they were living apart, the court rejected the claim for reimbursement from his estate.
Accordingly, the claim filed against the estate of Ethel Harris for recovery of medical assistance paid to her husband during his lifetime is rejected. This ruling appears to be in accord with the understanding of the Court of Appeals concerning the statutes which prohibit recovery for medical assistance. (See Barker v Sterling, 39 NY2d 397, 404; cf Matter of Rapalje, 73 Misc 2d 16.)
In view of the holding herein, it is unnecessary to consider the constitutional question.