OPINION OF THE COURT
Evans V. Brewster, S.
In this intermediate accounting proceeding, petitioner has *979 requested court approval of the rejection of the claim made by the Department of Social Services of Westchester County for care, support and maintenance of decedent’s two children. A companion claim is made by the guardian ad litem for the children by reason of the expenditure of Social Security benefits received by the Department of Social Services, as representative payee of the children for this care, support and maintenance. The facts with respect to these claims are not in dispute.
The Department of Social Services of Westchester County commenced a proceeding in the Family Court on July 24, 1972 to remove the children of Philip and Daisy Hummer pursuant to article 10 of the Family Court Act. On that day, the children were physically removed from their parents’ home and placed with foster parents. Four days later, the mother of the infants died. On March 13, 1973, an order of neglect was entered in the Family Court with the consent of all parties and a direction was made for the placement of the Hummer children in a foster home. From July 24, 1972 until the death of decedent on July 24, 1976, the Department of Social Services furnished medical assistance to the children at a total cost of $9,044.59 as well as other care and assistance at a total cost of $18,807.04. It is conceded that at all times, decedent had sufficient income and resources to pay for the costs above set forth but that, in fact, during this time Philip Hummer paid only $6,059.12 towards the maintenance cost of his children. No money was applied to the cost of medical assistance.
In the meantime, the Department of Social Services made application on August 3, 1974, pursuant to subdivision (d) of section 402 of title 42 of the United States Code for Old Age Survivors and Disability Insurance (OASDI) benefits to which the children were entitled under the Federal Social Security Act and further applied to be selected as "representative payee” for the said children. Subsequently, the Social Security Administration selected the Department of Social Services as "representative payee” of the Hummer children and on October 22, 1974 paid it $7,092 for OASDI benefits for both children for the period from May 1, 1973 through September 30, 1974. Thereafter additional payments were made for the benefit of the children in the total sum of $17,527.20 to July 24, 1976, the date of death of decedent herein. No part of that *980 money was used or applied to medical assistance furnished the children.
On May 21, 1974, the commissioner of social services commenced a support proceeding against the decedent in the Family Court of Westchester County pursuant to article 4 of the Family Court Act. A number of conferences between the attorneys for the respective parties in this proceeding resulted in an agreement of settlement.
A stipulation dated December 29, 1975, was signed by the attorneys and approved by Philip Kummer, under which among other things, the pending support proceeding against Philip Kummer was withdrawn without prejudice and Philip Kummer delivered to the commissioner of social services two matured bonds, each in the face amount of $10,000, issued by Arizona Public Service Company. The bonds and interest checks paid thereon delivered by Philip Kummer to social services were registered in the name of Daisy Kummer (the deceased mother), under the New York Uniform Gifts for Minors Act, as custodian for each of her two children. Inquiry was made by the County Attorney seeking to have the bonds redeemed, but no transfer and no payment was made. The bonds and checks are still in the possession of the Department of Social Services. Apparently during the settlement negotiations and at the time the stipulation of settlement was made, it was assumed by both parties that Philip Kummer would be responsible only for the difference between Social Security benefits received by the Department of Social Services as "representative payee” and the full cost of caring for his children and that the bonds of the children could be used by the commissioner of social services for their support and maintenance. It was after the death of Philip Kummer that the Department of Social Services made its claim against the estate, initially in the sum of $5,046.32 and later amended to the sum of $21,792.51 which was the full amount expended for the benefit of the children less the amounts previously paid by the decedent.
The estate argues that there is no legal right to recover "medical assistance” furnished to the children by the Department of Social Services; that the Social Security payments received by social services were correctly used for maintenance costs of the children and cannot be recovered; and that the agreement between the parties on December 29, 1975 *981 effectively bars any further recovery by social services which is now estopped by their negligence and loches from seeking any reimbursement from the estate.
One of the basic tenets of civilized society has been that a father is chargeable with the support of his child. Our modernized statutes have limited such responsibility so that a father, if possessed of sufficient means or able to earn such means, is chargeable with the support of his child or children only while they are under 21 years of age (Domestic Relations Law, § 32; Family Ct Act, § 413). The fact that a child may have independent means of his own effects no diminution of the father’s primary obligation to support his children (Matter of Quat v Freed, 25 NY2d 645; Siegel v Hodges, 15 AD2d 571; Drazin v Drazin, 31 AD2d 531). Where such support is not provided by the father, the commissioner of social services is mandated to provide public assistance and care, support and protection for such child or children (Social Services Law, art 6, tit 2, § 395 et seq.). The commissioner of social services is also given the power to compel a person liable by law for support to contribute to the support of any person cared for at public expense and to recover any moneys thus paid from the person liable (Social Services Law, art 3, tit 6, § 101 et seq.; Family Ct Act, § 415). The application of these general principles to cases when claims are filed by a governmental department against estates, legatees and distributees for recovery of public assistance and support and care paid to needy recipients, was set forth in a learned opinion by my erstwhile colleague, Surrogate Sobel in Matter of Colon (83 Misc 2d 344). Surrogate Sobel pointed out that under section 104 of the Social Services Law, a department has the right to recover public assistance given (a) against the recipient himself; (b) against the responsible relative (RR) of the recipient (as defined in Social Services Law, § 101); (c) against the estate of the recipient, and (d) against the estate of the RR. Further, that as to the liability of the estate of a deceased RR, recovery may be had regardless of whether the RR was of sufficient ability during the period of assistance (Matter of Colon, supra, pp 351, 354). The recovery by a department for medical assistance (MA) is also discussed and as observed by Surrogate Sobel, Congress severely limited the circumstances under which a State could permit recovery of MA "correctly paid” (US Code, tit 42, § 1396a, subd [a], par [18]). "In order to qualify for Federal assistance, New York enacted section 369 *982 which incorporated in the Social Services Law substantially verbatim the limitations in the cited Federal statute.
"Section 369 is applicable solely to MA, not to any other assistance program. It is applicable to MA 'correctly paid’; no limitation is placed on the right to recover MA 'incorrectly paid.’ (Matter of Galcia, 59 Misc 2d 511; Matter of Crow, 56 Misc 2d 398.)
"In substance, section 369 provides— * * *
"(d) By cross reference to subdivision 3 of section 366, section 369 also permits recovery from a living RR (spouse or adult parent of a recipient) provided such RR was of 'sufficient ability’ during the period of assistance. No mention is made of recovery from the estate of an RR.
"As observed, section 369 severely limits recovery for MA correctly paid. Often recovery for AFDC benefits may be had from a recipient, his estate or the estate of an RR in circumstances where recovery for MA is forbidden by section 369. (Moore v Nassau County Dept. of Public Transp., 78 Misc 2d 1066, 1071-1072.)” (Matter of Colon, supra, pp 355-356.)
In further interpretation of section 369 of the Social Services Law, the court in Matter of Harris (88 Misc 2d 60, 64) emphasized the intent of the Legislature to meet Federal requirements under the Social Security Act so that reimbursement would not be jeopardized, and stated: "It is the obvious intent of Congress not to permit the impoverishment of a recipient of medical assistance, or his otherwise responsible relatives, except in the limited circumstances set forth (US Code, tit 42, § 1396a, subd [a], par [18]). It is clear from that section that no recovery can be had for medical assistance properly paid, except from the estate of the recipient, under certain conditions. (See Matter of Rios, 84 Misc 2d 437.)”
In the present case there can be no question of the obligation of decedent in the first instance for the support of his children and of the right of the commissioner of social services to seek the enforcement of such support by the father, as well as the recovery from the father as the responsible relative or his estate for the sums paid for the support and care of his infant children. The fact that the commissioner of social services attempted to use money of the children, whether by way of Social Security payments or bonds or other assets, does not mitigate from the father’s (decedent herein) obligation to pay for such support or the right to recover it from him or his estate. Nor is there any right or justification for the use of *983 Social Security funds of an infant where the infant has a responsible relative to pay for such support. The right of the infants for the benefits to which they were entitled under the Social Security Act (US Code, tit 42, § 402, subd [d], par [1], cl [C]) was based on their dependency on their mother. Payments were made to the commissioner of social services as the "representative payee” of the children. The responsibility of the "representative payee” is set forth in 20 CFR 404.1603 which provides: "A relative or other person to whom certification of payment is made on behalf of a beneficiary as representative payee shall, subject to review by the Administration and to such requirements as it may from time to time prescribe, apply the payments certified to him on behalf of a beneficiary only for the use and benefit of such beneficiary in the manner and for the purposes determined by him to be in the beneficiary’s best interest.”
The court cannot conclude that it was in the best interest of the infant children of decedent to use their money for their support, whether from Social Security or otherwise, when the father of the children was financially able and obligated for their support. The court takes judicial notice of its own records and is aware, just as the Department of Social Services should have been aware, that the mother of the infant children herein left an estate in excess of one-half million dollars to her husband, the decedent herein and father of her children. There is no apparent excuse for failure to compel support of the children from the father or recovery from him during his lifetime or now from his estate.
Payment is further resisted because of the stipulation between social services and decedent wherein the proceeding for support was discontinued. The stipulation and agreement in no way affected the rights or obligations of the parties herein. The decedent attempted to give property which was not his and which he consented could be used to support his children. There were two bonds involved. The bonds, one for each child, had been registered in the name of their mother as custodian under the Gifts for Minors Act. Decedent as father had never been appointed successor custodian. Thus, turning over the bonds was merely giving the commissioner property that belonged to the infants and which never was subsequently taken from them. There was never any valid consideration for any agreement between the parties. Further, the fact that the proceeding for support was withdrawn "without prejudice” *984 makes the obligation of the decedent as father, for the support of his children, a continuing obligation and in no way discharged his obligation. The right of the commissioner to recover the funds paid for the support of the children is a legal right provided by statute. It may, of course, be subject to legal defenses, such as a Statute of Limitations. There is no equitable relief being sought. The estate’s arguments on estoppel and loches as a defense to the claim by social services are equitable defenses and are inapplicable to the legal claim made herein.
However, that part of the claim which is for medical expenses furnished to the children cannot be recovered. There is no statutory authority at present for recovery from the estate of a responsible relative for medical assistance furnished to infant children.
Accordingly, the court determines that in accordance with the stipulated facts:
1. The claim of the Department of Social Services for care and support of the decedent’s infant children from July 24, 1972 to July 24, 1976 in the total sum of $18,807.04 less $6,059.12 paid by decedent, is a valid claim against the estate and is payable with interest at 6% from July 24, 1976 until repaid.
2. The claim of the Department of Social Services for medical assistance furnished the children in the sum of $9,044.59 is denied.
3. The Social Security benefits received by the Department of Social Services as representative payee of the children during the period of May, 1973 to July, 1976 in the total sum of $17,527.20 shall be repaid in equal amounts to the accounts of each of the children together with interest at 3% per annum (General Municipal Law, § 3-a) until repaid.
4. The bonds of each of the children together with accumulated interest thereon shall be held for the children or given to their guardian or successor custodian for the benefit of the children.