OPINION OF THE COURT
C. Raymond Radigan, J.
The subject of this proceeding is a claim against the estate of Frances Waring by the Department of Social Services for medical assistance rendered to her husband.
Robert T. Waring was the husband of Frances D. Waring and predeceased his wife by some three years. During their lifetime both were recipients of medical assistance; Robert receiving a total of $21,184.72, and Frances $5,496.75. The executor does not dispute that these payments were advanced by Social Services. Rather, it is his contention that the payments received by Robert T. Waring are not properly a charge against the assets of his wife’s estate. The total estate consists of $28,554.61, all but $750.86 representing the proceeds of the sale of the decedent’s home. The executor is the son of Frances Waring and the sole beneficiary under his mother’s will.
The Department of Social Services contends that the recovery against Frances’ estate is authorized by section 104 of the Social Services Law which provides for the commencement of an action by a public welfare official against the estate of a person who is liable for the support *422 of a beneficiary. The executor contends that section 369 (subd 1, par [b]) of the Social Services Law which appears to limit the recovery for medical assistance is controlling. The department takes the position that section 104 is the “basic statute” upon which the other sections of the law are built and that it provides for recovery in situations such as this.
Subdivision 1 of section 104 of the Social Services Law provides in part: “A public welfare official may bring action or proceeding against a person discovered to have real or personal property, or against the estate or the executors, administrators and successors in interest of a person who dies leaving real or personal property, if such person, or any one for whose support he is or was liable, received assistance and care during the preceding ten years”.
Section 369 (subd 1, par [b]) of the Social Services Law provides in part: “[T]here shall be no adjustment or recovery of any medical assistance correctly paid on behalf of such individual under this title, except from the estate of an individual who was sixty-five years of age or older when he received such assistance, and then only after the death of his surviving spouse” (emphasis added).
It is thus seen that section 104 of the Social Services Law which the department contends is the “basic” section is more general than section 369 which deals specifically with recovery of funds paid for medical assistance.
It is an established principal in the construction of statutes that whenever there is a general and a particular provision in the same statute, the general does not overrule the particular but applies only when the particular provision is inapplicable (People ex rel. Davidson v Gilon, 126 NY 147; Matter of Button v Slater, 198 Misc 1). Section 104 is thus applicable to the recovery of assistance except to the extent that it is superseded by section 369. Section 369 deals specifically with medical assistance.
Section 369 was enacted in order to meet the requirements of section 1396a (subd [a], par [18]) of title 42 of the United States Code and thus qualify the State for Federal grants (see Baker v Sterling, 39 NY2d 397). The purpose of *423 section 1396a (subd [a], par [18]) is to limit the State’s power to recover funds paid in the form of medical assistance (Sasse v Ottley, 432 F Supp 440; see, also, 42 CFR 433.36). The purpose of section 369 of the Social Services Law is likewise to prevent the impoverishment of those who receive medical assistance (Matter of Kummer, 104 Misc 2d 978; Matter of Harris, 88 Misc 2d 60, affd 61 AD2d 881).
However the statute is so worded as to not only prevent a recovery against the decedent receiving assistance so long as his spouse is alive, which may be understandable, but to also prevent (by inference at least in not providing a remedy) a recovery of medical assistance in this case against the surviving spouse’s estate as a responsible relative (Matter of Harris, supra), and even after both spouses have died, enabling their beneficiaries to reap what can amount to a clear windfall. The court earnestly suggests that this result should be remedied by adequate legislation.
Accordingly, the claim of the Department of Social Services is disallowed except for the medical assistance paid to the decedent.