OPINION OF THE COURT
C. Raymond Radican, J.
This is a miscellaneous proceeding pursuant to SCPA 1809 to determine the validity of a claim by the Department of Social Services in the amount of $44,026.38 for medical assistance granted to Laura Imburgia the predeceased spouse of the decedent, Charles Imburgia, in the amount of $44,026.38.
The facts are as follows: The decedent, Charles Imburgia, died on January 25, 1983. He was predeceased by his wife, Laura, on February 11,1981. Mrs. Imburgia, over the age of 70 years, had been residing in a nursing home since May 5, 1977. From May 5, 1977 to February 28, 1979 the Imburgia family paid $36,693.52 for nursing home expenses. On February 28, 1979 Mr. Imburgia notified the Nassau County Department of Social Services that he would no longer make any payments for the cost of nursing home expenses. At the time he had a bank account and securities valued at over $38,000. The Department of Social Services attempted to deny medical assistance to Mrs. Imburgia, and a fair hearing was held in April, 1979, at which time the agency was directed to provide such medical assistance to the decedent’s wife, Laura. Now the Department of Social Services seeks to recover $44,026.38 *1034 from the estate of the decedent for medical assistance granted to his wife Laura for the period February 28,1979 to February 11, 1981. The estate has rejected such claim.
Section 101 of the Social Services Law mandates that certain relatives are legally responsible for the support of other members of their family. It reads in part: “1. Except as otherwise provided by law, the spouse * * * of a recipient of public assistance or care or of a person liable to become in need thereof shall, if of sufficient ability, be responsible for the support of such person”. Section 369 (subd 1, par [b]) of the Social Services Law provides as follows: “there shall be no adjustment or recovery of any medical assistance correctly paid on behalf of such individual under this title, except from the estate of an individual who was 65 years of age or over when he received such assistance, and then only after the death of his surviving spouse, if any, and only at a time when he has no surviving child who is under twenty-one years of age or is blind or permanently or totally disabled, provided, however, that nothing herein contained shall be construed to prohibit any adjustment or recovery for medical assistance furnished pursuant to subdivision three of section three hundred sixty six of this chapter”. (Emphasis supplied.)
Section 366 (subd 3, par [a]) provides as follows: “Medical assistance shall be furnished to applicants in cases where, although such applicant has a responsible relative with sufficient income and resources to provide medical assistance as determined by the regulations of the department, the income and resources of the responsible relative are not available to such applicant because of the absence of such relative or the refusal or failure of such relative to provide the necessary care and assistance. In such cases, however, the furnishing of such assistance shall create an implied contract with such relative, and the cost thereof may be recovered from such relative in accordance with title six of article three and other applicable provisions of law”. (Emphasis supplied.)
Section 104 of the Social Services Law (part of art 3, tit 6) provides in part: “A public welfare official may bring action or proceeding against a person discovered to have real or personal property, or against the estate or the *1035 executors, administrators and successors in interest of a person who dies leaving real or personal property, if such person, or any one for whose support he is or was liable, received assistance and care during the preceding ten years”.
It is clear from the facts above that decedent herein was liable and had the means with which to support his spouse. He clearly refused to provide for any more support as of February 28, 1979, so notifying the agency. Therefore, reading the above applicable statutes together it is clear that the decedent’s refusal to provide for his spouse’s care triggered section 366 (subd 3, par [a]) of the Social Services Law in which an implied contract with the decedent was created and recovery made possible through his estate. The case of Matter of Waring (111 Misc 2d 421) which dismissed a similar claim by public welfare officials for medical assistance is distinguishable since the provisions of section 366 (subd 3, par [a]) of the Social Services Law were not in issue. Accordingly, the court approves the claim of the Department of Social Services in the amount of $44,026.38 for medical assistance rendered to his predeceased spouse, Laura Imburgia.