Judgment affirmed. Main, J. P., Casey, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.

■ In the Matter of the Estate of DORRIS D. DABNEY, Deceased. DORRIS D. DABNEY, JR., et al., as Coexecutors of DORRIS D. DABNEY, Deceased, Appellants; ULSTER COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent. — Appeal from an order of the Surrogate's Court of Ulster County (Traficanti, Jr., S.), entered June 14, 1983, which allowed a claim against the estate for medical assistant provided by the Ulster County Department of Social Services.

In this proceeding for the judicial settlement of the estate of Dorris D. Dabney, the principal issue concerns a claim against the estate by the Ulster County Department of Social Services for medical assistance rendered to the decedent's wife. Bertha Dabney entered a skilled nursing facility in June of 1979. From October 1, 1980 until her death on March 21, 1981, at the age of 83, she received medical assistance from the department under title 11 of article 5 of the Social Services Law. She left no estate.

.Thereafter, decedent died on May 27, 1982 and the department has filed a claim against his estate seeking recoupment of medical assistance paid on behalf of his wife. The Surrogate's order allowing the claim pursuant to section 369 (subd 1, par [b]) of the Social Services Law has given rise to this appeal by the coexecutors.

There must be a reversal. Section 369 of the Social Services Law prohibits the department from recovering medical assistance "correctly paid" except as against the estate of a *recipient* who was over 65 years of age, and then only under certain limited circumstances (Social Services Law, § 369, subd 1, par [b]; see *Matter of Kummer,* 93 AD2d 135, 176-179). It is undisputed that the assistance provided to Bertha Dabney was "correctly paid". Here, however, the department seeks recovery not from the recipient, but from the estate of her surviving spouse. To this end, the proviso which concludes section 369 (subd 1, par [b]) states that nothing in the statute shall be construed to prohibit recovery of medical assistance furnished pursuant to subdivision 3 of section 366, which, in pertinent part, allows for recovery against "a responsible relative with sufficient income and resources" but whose "income and resources * * * are not available to such applicant because of the absence of such relative or the refusal or failure of such relative to provide the necessary care and assistance" (Social Services Law, § 366, subd 3, par [a]). In other words, where a responsible relative is financially capable but fails to provide for the medical needs of an applicant, the statute creates an implied contract in favor of the local agency for medical assistance provided. Crucial to recovery under this provision, however, is a demonstration that the responsible relative had sufficient means during the period of assistance (*Matter of Colon,* 83 Misc 2d 344, 348, 351 [Sobel, S.]). Here, the coexecutors contend that the assets of both decedent and his wife had been reduced to exempt levels during the period in which medical assistance was provided the wife (see *Matter of Waring,* 111 Misc 2d 421). A statement to that effect was included in a memorandum of law before the Surrogate. Contrary to the department's argument, the burden of proving sufficient means on the part of the responsible relative during the period assistance was paid rests with the local agency (see *Forman v Forman,* 96 AD2d 880, 881; *Whalen v Downs,* 10 AD2d 148), which burden the department has failed to meet in this case. These circumstances prevailing, the department's claim must be disallowed.

Order reversed, on the law, without costs, claim by the Ulster County Department of Social Services disallowed, and matter

remitted to the Surrogate's Court of Ulster County for further proceedings not inconsistent herewith. Mahoney, P. J., Casey, Weiss, Levine and Harvey, JJ., concur.