OPINION OF THE COURT
C. Raymond Radigan, J.
This is a motion to reargue a decision allowing a claim of the Department of Social Services (Department) for medical assistance (MA) granted the predeceased spouse of the decedent in the amount of $44,026.38. Additional facts not repeated here may be found in the prior decision as reported (122 Misc 2d 1033).
The motion’s major premise is that to the extent New York statutes and regulations permit recovery from the estate of a responsible relative (RR) for MA “correctly paid” to a recipient, they are in conflict with controlling Federal law and therefore invalid under the supremacy clause of the United States Constitution (US Const, art VI, cl 2).
In order to qualify for Federal aid, State plans for medical assistance must comply with certain requirements imposed by Congress (42 USC § 1396a). Among those is the requirement of compliance with 42 USC § 1396p “with respect to liens, adjust- *757 merits and recoveries of medical assistance correctly paid, and transfers of assets” (42 USC § 1396a [a] [18]).
42 USC § 1396p (b) (1) reads in part: “No adjustment or recovery of any medical assistance correctly paid on behalf of an individual under the State plan may be made”. There follows a recitation of the circumstances under which recoveries may be made against the estate of a recipient. The executors argue that since no recovery is provided for except against the estate of a recipient, a recovery against the estate of an RR is prohibited or to paraphrase, inclusio unius est exclusio alterius (inclusion of one is the exclusion of another).
Relatives’ financial responsibility under the Social Security Act and regulations has primary significance to the process of assuming certain income of RR’s as available (within certain limits) to the applicant or recipient for the purpose of determining eligibility for MA (3 Medicare and Medicaid Guide [CCH] ¶ 14,311, at 6176). This process is known as “deeming” or the means by which a State determines eligibility by assuming (or “deeming”) that a portion of the RR’s income is available to the applicant, even though that may not be the case (Herweg v Ray, 455 US 265, 267).
42 USC § 1396a (a) (17) (D) limits the relatives whose income may be “deemed” available in determining eligibility to a spouse and, under certain circumstances, to a parent. No other relative’s income may be assumed available. However, the regulations amplify the code provision by not only prohibiting deeming from any relative other than a spouse or parent, but also prohibiting collecting any reimbursement from any relative, except a spouse or parent (42 CFR 435.602). The executors’ argument that the sole responsibility of a spouse is limited to the “deeming” provisions of the Social Security Act and regulations is accordingly directly contrary to the provisions in 42 CFR 435.602. Moreover, a February 1983 Medicaid transmittal very clearly delineates the distinction between “deeming” and State recovery statutes (State Medicaid Manual, HCFA-Pub 45-3, § 3812, Feb. 1983, reported in Medicare and Medicaid Guide [CCH], Transfer Binder 1983-1, ¶ 32,457). The Medicaid transmittal cited reads in part: “[S]ection 1902 (a) (17) (D) [42 USC § 1396a (a) (17) (D)] of the Act can be interpreted as prohibiting only the ‘deeming’ of income (that is, the assumption that income is available to the Medicaid applicant or recipient whether or not it is actually received), except in limited specified circumstances. Thus, a policy which would permit states to consider only income actually received, even though relative *758 contributions are required by a general support statute, would not be in violation of section 1902 (a) (17) (D)” (emphasis supplied). While the transmittal was apparently issued in response to the possibility of State statutes holding children legally responsible for the support of parents (Whitman & Whitney, Are Children Legally Responsible for Support of their Parents?, 123 Trusts & Estates, at 43 [Dec. 1984]), the same distinction between “deeming” and State support laws is analogous here. It is therefore clear that “deeming” and recoupment of medical assistance are two entirely different concepts leading to the conclusion that the Social Security Act and regulations are not fundamentally inimicable to State recovery statutes directed against RRs which are generally applicable.
While to the extent that State statutes and regulations conflict with the Social Security Act and regulations thereunder, the former must yield to the latter (Matter of Cheng San Chen v Toia, 67 AD2d 1085, affd 50 NY2d 826; Scarpuzza v Blum, 73 AD2d 237), nevertheless it will not be presumed that a Federal statute was intended to supersede the exercise of the power of the State unless there is a clear manifestation of intention to do so (Matter of Rinefierd v Blum, 66 AD2d 351). Accordingly, to the extent that New York statutes permit recovery against the estate of an RR for MA, such statutes are not in conflict with Federal law or regulations and do not therefore violate the supremacy clause of the United States Constitution.
Social Services Law § 369 (1) (b) represents New York’s implementation of the permissible recoupment provisions of the Social Security Act (Matter of Davis, 57 NY2d 382), and the limitations as they relate to the estate of a recipient track almost verbatim the Federal restrictions. The first paragraph of paragraph (b) however ends with an important proviso: “provided, however, that nothing herein contained shall be construed to prohibit any adjustment or recovery for medical assistance furnished pursuant to subdivision three of section three hundred sixty-six of this chapter.”
Social Services Law § 366 (3) (a) grants eligibility to an applicant for MA notwithstanding such applicant has an RR “with sufficient income and resources to provide medical assistance as determined by the regulations of the department”. However, the furnishing of such assistance creates “an implied contract with such relative, and the cost thereof may be recovered from such relative in accordance with title [6] of article [3] and other applicable provisions of law.” (Social Services Law § 366 [3] [a].)
*759 In an earlier case’s reference to the liability of an RR for MA, it was assumed that the cross reference of Social Services Law § 369 to Social Services Law § 366 permitted a recovery only from a living RR because “[n]o mention is made of recovery from the estate of an RR.” (Matter of Colon, 83 Misc 2d 344, 356). While dicta in the Colon case, a case on point adopted its reasoning expressly disallowing a claim for MA against the estate of an RR (Matter of Harris, 88 Misc 2d 60, affd 61 AD2d 881 [4th Dept]). This court followed the precedent set in the Harris case by similarly disallowing such a claim (Matter of Waring, 111 Misc 2d 421, affd 90 AD2d 776 [affd on the authority of the Harris case]).
However, in a recent case, the Appellate Division, Second Department, allowed recovery for MA against the estate of an RR (a parent as compared with a spouse) incorporating by reference the provisions of Social Services Law §§ 101 and 104 (permitting recoupment against the estate of an RR) into that of Social Services Law § 366 (3) (b) (Matter of Kummer, 93 AD2d 135). Moreover, the Appellate Division, Third Department, appears to have indorsed such a recovery providing the RR has “sufficient income and resources to provide medical assistance” (Social Services Law § 366 [3] [a]) during the period of such assistance (Matter of Dabney, 104 AD2d 678). Under the circumstances, and at least insofar as the Second and Third Departments are concerned, it would appear that the Colon and Waring cases, insofar as they indicate that under no circumstances should there be a recovery for MA from the estate of an RR, should1 not be followed.
The final impediment to an allowance of the claim is the satisfaction of the Department’s burden of proving that the decedent had “sufficient income and resources to provide medical assistance as determined by the regulations of the department” (Social Services Law § 366 [3] [a]) during the period MA was provided (Matter of Dabney, 104 AD2d 678, supra). There appears little doubt that the record in the fair hearing, which the estate has conceded may be considered by the court, establishes that the decedent had income and resources beyond the exempt amounts and that therefore MA was granted to his wife under the precise circumstances set forth in Social Services Law § 366 (3) (a). Nevertheless, if the executors are so advised, a hearing may be requested by them within 15 days of the date of this decision on the question of whether the decedent was of sufficient means as spelled out above.
The final argument by the estate that the decedent’s payment of the monthly amount, stipulated to with the Department as his *760 contribution towards assistance granted to his wife, represented a final determination of any liability on his part is without merit. Any recovery by the Department that could have been made during the decedent’s lifetime was necessarily circumscribed by a policy which prevents the RR from being impoverished (Matter of Department of Spcial Servs. v Barbara M., 123 Misc 2d 523). Following death, however, this policy is no longer sustainable and recovery may be had from all assets of the estate of an RR irrespective of its source (Matter of Colon, 83 Misc 2d 344, 350, supra; see also, Matter of Rapalje, 73 Misc 2d 16, 18). The stipulation which the Department obtained from the decedent providing for monthly payments was obviously in lieu of a Family Court proceeding against him to compel compliance with his obligation of support and therefore did not discharge his estate’s responsibility.
Reargument is granted and upon reargument the court adheres to its allowance of the claim except to the extent that the estate may request a hearing under the circumstances indicated above.