■ In the Matter of the Estate of CHARLES A. IMBURGIA, Deceased. JOSEPH G. GSELL, Appellant; NASSAU COUNTY DE-PARTMENT OF SOCIAL SERVICES, Respondent.—In a proceeding to determine the validity and enforceability of a claim filed by the Nassau County Department of Social Services against the estate of Charles A. Imburgia, deceased, Joseph G. Gsell, coexecutor of the estate of Charles A. Imburgia, appeals, as limited by his brief, from so much of a decree of the Surrogate's Court, Nassau County (Radigan, S.), dated April 10, 1986, as, upon granting the appellant's motion for reargument of a prior determination of the same court, dated February 17, 1984, which approved a claim against the estate for medical assistance provided by the Nassau County Department of Social Services to the decedent's wife *(see, Matter of Imburgia,* 127 Misc 2d 756), adhered to its original determination.

Ordered that the decree is affirmed insofar as appealed from, with costs payable by the appellant from the estate.

The decedent's wife entered a nursing home on May 5, 1977, and from February 26, 1979 until her death on February 11, 1981, she received medical assistance from the Nassau County Department of Social Services (hereinafter the DSS). Additionally, pursuant to a March 28, 1980, "agreement to support", entered into by the decedent and the DSS, the decedent contributed to his wife's support up until her death. Following the decedent's death, the DSS filed a claim against his estate seeking recoupment of the medical assistance furnished to his predeceased wife. The Surrogate's Court approved the claim, pursuant to Social Services Law § 369 (1) (b); § 366 (3); §§ 101 and 104. On appeal, the estate's executor argues that the claim should have been disallowed. We disagree.

First, the Surrogate correctly concluded that there is no conflict between State and Federal law which bars the recoupment of medical assistance paid to a recipient from the estate of one of the recipient's legally responsible relatives under the circumstances herein *(see, Matter of Imburgia, supra,* at 756-

758; *see also, Matter of Kummer,* 93 AD2d 135). Contrary to the executor's further claim, The DSS was under no obligation to establish that the decedent was of sufficient means to have provided for the medical care of his wife at the time that the assistance was rendered to her as a prerequisite to its recoupment of the medical assistance from the estate of the decedent *(see,* Social Services Law § 104; *Mendelson v Transport of N. J.,* 113 AD2d 202, *lv denied* 68 NY2d 602; *Matter of Colon,* 83 Misc 2d 344, 351). Finally, we reject the executor's contention that the decedent's contributions to his wife's support, made pursuant to the agreement to support, represented a final determination of the decedent's responsibility so as to preclude a recoupment claim pursuant to Social Services Law § 104 against his estate. As the Surrogate noted, "[a]ny recovery by the [DSS] that could have been made during the decedent's lifetime was necessarily circumscribed by a policy which prevent[ed] [him] from [becoming] impoverished *(Matter of Department of Social Servs. v Barbara M.,* 123 Misc 2d 523). Following death, however, this policy is no longer sustainable and recovery may be had from [his] estate" *(see, Matter of Imburgia, supra,* at 760). Lawrence, J. P., Eiber, Sullivan and Harwood, JJ., concur. *[See,* 122 Misc 2d 1033; 127 Misc 2d 756.]