■ In the Matter of the Estate of ELIZABETH S. CRAIG, Deceased.—Decree affirmed with costs. Memorandum: We agree with the Surrogate that Social Services Law § 369 (1) (b) and § 366 (3) permit recovery against the estate of a responsible relative for reimbursement of the cost of medical assistance to a recipient only if, at the time of the furnishing of the medical assistance, the responsible relative had sufficient income and resources to provide medical assistance. Only if the responsible relative has sufficient income and resources does "the furnishing of such assistance * * * create an implied contract with such relative" (Social Services Law § 366 [3] [a]). Absent an implied contract with the responsible relative, there can be no recovery for reimbursement of medical expenses against that relative's estate. We decline to follow *Matter of Imburgia* (130 AD2d 658, 659) insofar as it holds to the contrary.

All concur, except Callahan, J. P., who dissents and votes to reverse in the following Memorandum.

Callahan, J. P. (dissenting). I respectfully dissent. I do not construe Social Services Law § 369 (1) (b) and § 366 (3) as limiting recovery from the estate of a responsible relative for reimbursement of the cost of medical assistance to a recipient only in a situation in which the responsible relative had sufficient income and resources at the time the benefits were paid. Social Services Law § 369 (1) (b) specifically provides that, upon the death of a surviving spouse, there may be recovery for medical assistance furnished pursuant to subdivision (3) of section 366. Under that subdivision, the furnishing of such assistance creates an implied contract with the relative and the cost may be recoverable. Furthermore, there is no conflict between State and Federal law that bars the recoupment of medical assistance paid to a recipient from the estate of the recipient's surviving spouse *(Matter of Imburgia,* 130

AD2d 658; *see also, Matter of Kummer,* 93 AD2d 135). (Appeal from Decree of Wayne County Surrogate's Court, Strobridge, S.—Judicial Settlement.) Present—Callahan, J. P., Boomer, Green, Lawton and Boehm, JJ.