OPINION OF THE COURT
 

 Bellacosa, J.
 

 The issue on this appeal is whether the Wayne County Department of Social Services may recoup Medicaid assistance payments provided to a man who died in 1983. The target of the recoupment effort is the estate of that man’s spouse, who died in 1989. The crux of the problem is that the wife lacked sufficient means to be considered a responsible relative at the time the payments were made in 1983 on behalf of her sick husband.
 

 We conclude that the assertion of a nunc pro tune obligation against the widow’s estate is not supportable under presently governing statutes, regulations and decisional reasoning. This Court, therefore, affirms the order of the Appellate Division, which upheld the decree of the Surrogate’s Court that no implied contract is created where the surviving spouse lacked sufficient means contemporaneously to the provision of Medicaid assistance to her predeceased spouse.
 

 Elizabeth and Norman Craig, a retired couple, lived on a small income generated from a mortgage receivable on their primary asset, their home. In 1983, Mr. Craig became ill and soon thereafter died intestate. He had qualified for Medicaid payments for his medical care and Wayne County paid the bill, totalling $4,373.79. After Mr. Craig’s death, there was no attempt to collect all or any portion of the bill from Mrs. Craig, his surviving spouse. It is undisputed that at that time, during her deceased husband’s illness and for the balance of her life, she lacked the means that would have made her a financially responsible relative.
 

 Prior to her death in 1989, Mrs. Craig also had qualified for medical services paid by Medicaid in the sum of $10,478. Mrs. Craig’s will was admitted to probate in 1989, showing her only assets as the remainder of a mortgage receivable from her home and a small amount of cash. The estate was valued at $27,348.50. Wayne County sought to satisfy the Craigs’ Medicaid payments out of that source. The estate paid the claim for $10,478 for assistance granted to Elizabeth Craig and that is not in dispute in this case. The claim for $7,614 ($4,373 plus
 
 *391
 
 $3,241 interest since 1983) for assistance granted to Mr. Craig is solely at issue on this appeal.
 

 Surrogate’s Court and the Appellate Division upheld the estate’s refusal to reimburse the County for Medicaid paid on behalf of Mr. Craig in 1983. This Court granted leave to appeal to Wayne County Department of Social Services.
 

 42 USC § 1396a (a) (18) mandates that State programs comply with the provisions of Social Security Act § 1917 (42 USC § 1396p) "with respect to liens, adjustments and recoveries of medical assistance correctly paid.” Section 1396p (b) (1) provides as follows:
 

 "No adjustment or recovery
 
 of any medical assistance correctly paid on behalf of an individual under the State plan may be made, except—
 

 "(A) in the case of an individual described in subsection (a) (1) (B) [of this section],
 
 from his estate
 
 or upon sale of the property subject to a lien imposed on account of medical assistance paid on behalf of such individual, and
 

 "(B) in the case of any other individual who was 65 years of age or older when he received such assistance,
 
 from his estate”
 
 (emphasis added).
 

 New York’s medical assistance implementing provisions are found in article 5, title 11 of the Social Services Law at sections 363 through 369. Under both Federal and New York State law, recovery for medical assistance from the property of the recipient is generally prohibited
 
 (see,
 
 42 USC § 1396a [a] [18]; Social Services Law § 369 [2]). So Wayne County Department of Social Services cannot make individuals liquidate their homes to pay for Medicaid. Thus, surviving spouses cannot be deemed responsible relatives with financial means simply because they own a house. An exception to this prohibition is allowed after the death of persons over 65 years of age when that asset may be liquidated to recoup that person’s Medicaid payments. That is precisely what was done in relation to Mrs. Craig’s Medicaid payments. But the exception is qualified and does not allow Wayne County to reach even farther back for recoupment as to her predeceased husband’s Medicaid payments. The exception is a one shot, not a doublebarrelled opportunity.
 

 This scheme is set forth in Social Services Law § 369 (2), which incorporates Social Services Law § 366 (3). When medical assistance is furnished to an applicant who has a responsi
 
 *392
 
 ble relative with sufficient income and resources to provide medical assistance, the furnishing of such assistance shall create an implied contract with such relative. But a "responsible relative” by necessity and statute is determined by the sufficient ability to pay at the time the expenses are incurred. Social Services Law § 101 ("Liability of relatives to support”) only provides that "the spouse or parent of a recipient of public assistance or care * *
 
 * if of sufficient ability,
 
 [will] be responsible for the support of such person” (§ 101 [1]; emphasis added).
 

 Appellant Wayne County places unpersuasive weight on Social Services Law § 104 (1) to support its claim against Mrs. Craig’s estate in relation to Mr. Craig’s Medicaid payments. That section does not take the sufficient means test out of contemporaneous assessment as of the time the Medicaid payments are made on behalf of a predeceased relative. Wayne County would have us read section 104 as precluding the use of a sufficient means test in these circumstances. We disagree. Section 104 is not applicable to recovery of medical assistance governed by section 369, which specifically precludes and preempts the overarching reach of general provisions of Social Services Law by the explicit rules applicable to Medicaid recipients
 
 (Matter of Waring,
 
 111 Misc 2d 421 [Sur Ct, Nassau County 1981];
 
 Matter of Colon,
 
 83 Misc 2d 344 [Sur Ct, Kings County 1975]).
 

 We conclude that section 104 (1) does not support the strain of appellant’s argument or the countervailing authorities which reject the notion that Mrs. Craig’s responsibility and means can spring to life nunc pro tune only after and on account of her death. She was not responsible or liable at the critical time due to lack of sufficient means and that forecloses this belated recoupment.
 

 Until recently, the case law interpreting the governing provisions of New York law in this area had a consistent thread and rationale. Insufficient means of a responsible adult was determined as of the time the qualified Medicaid payments were made. Then a new branch sprouted and complicated the situation, seeming to allow for recoupment based on a nunc pro tune sufficient means methodology.
 

 The Appellate Divisions of the First and Fourth Departments have adhered to the proposition that forecloses the Department of Social Services from collecting from a relative who did not have sufficient means at the time of accrual of the
 
 *393
 
 recipient’s Medicaid assistance
 
 (Matter of Harris,
 
 88 Misc 2d 60,
 
 affd on opn below
 
 61 AD2d 881 [4th Dept];
 
 Matter of Waring,
 
 111 Misc 2d 421,
 
 supra; Matter of Colon,
 
 83 Misc 2d 344,
 
 supra).
 

 In
 
 Matter of Harris (supra),
 
 the court relied on
 
 Colon
 
 and held that because Social Services Law § 369 makes no mention of permitting recovery from the estate of a responsible relative, recovery is permitted only from a living responsible relative, provided such relative had sufficient means when the assistance was rendered
 
 (see also, Matter of Waring,
 
 111 Misc 2d 421,
 
 supra).
 

 The Appellate Division, Second Department, has imposed reach-back financial obligation, even if the otherwise responsible person was not of sufficient means at the time of the provision of Medicaid assistance
 
 (Matter of Imburgia,
 
 122 Misc 2d 1033,
 
 on rearg
 
 127 Misc 2d 756,
 
 affd
 
 130 AD2d 658 [2d Dept 1987];
 
 see also, Matter of Dabney,
 
 104 AD2d 678 [3d Dept 1984]).
 

 In
 
 Imburgia,
 
 the Surrogate (127 Misc 2d 756, 759,
 
 supra)
 
 held that recovery from the estate of the secondarily deceased spouse could be had upon proof that the initial survivor had " 'sufficient income and resources to provide medical assistance’ ” during the period such assistance was provided. While affirming, the Appellate Division, Second Department, amplified the rule, which appellant Wayne County urges us to endorse:
 

 "DSS was under no obligation to establish that the decedent was of sufficient means to have provided for the medical care of his wife at the time that the assistance was rendered to her as a prerequisite to its recoupment of the medical assistance from the estate of the decedent”
 
 (Matter of Imburgia,
 
 130 AD2d 658, 659 [2d Dept 1987],
 
 supra
 
 [citations omitted]).
 

 We conclude that this view finds no support in the governing statutes or regulations, already discussed. The
 
 Imburgia
 
 approach contradicts the plain import of Social Services Law § 366 (3) (a), which allows belated recovery from the responsible relative only if that party had sufficient means during the period the medical assistance was rendered. If, as in
 
 Imburgia,
 
 a responsible relative is available who had sufficient means at the time of accrual, the recovery could be obtained. But the Appellate Division’s embellishment of the rule in
 
 Imburgia,
 
 to
 
 *394
 
 dispense with contemporaneous sufficient means, is not supportable. No express, implied or statutory obligation devolved on Mrs. Craig’s estate in these circumstances, for she concededly had insufficient means and resources at the time of the accrual of the Medicaid bill for her husband in 1983.
 

 Federal law, as noted, does not now expressly provide for recovery of Medicaid payments on behalf of a predeceased spouse from the secondarily dying spouse’s estate. The Omnibus Budget Reconciliation Act of 1993 (Pub L 103-66), signed into law on August 10, 1993, amended the estate recovery provisions of the Federal Medicaid law. This Act gives the States, at their option, the power to recover against a spouse’s estate, but only against the recipient’s assets that were conveyed through joint tenancy and other specified forms of survivorship. This development may be a harbinger of change regarding the "spousal impoverishment” rules dealing with death of a surviving spouse
 
 (see, Matter of Harris,
 
 88 Misc 2d 60, 64,
 
 supra).
 
 The 1993 Act, however, has no relevance to the resolution of this case; it applies only to Medicaid recipients who die after October 1, 1993 (Pub L 103-66, § 13612 [Aug. 1993]). Thus, by its own terms, the amendments, even if eventually implemented by New York, do not aid the appellant’s case for nunc pro tune recovery on the 1983 payments on behalf of Mr. Craig.
 

 We have considered all the arguments of the parties, and for the reasons stated conclude that an affirmance is the correct result. Accordingly, the order of the Appellate Division should be affirmed, with costs.
 

 Chief Judge Kaye and Judges Simons, Titone, Hancock, Jr., Smith and Levine concur.
 

 Order affirmed, with costs.