(August 26, 1996)

■ CARMEN ACEVEDO, as Administrator of the Estate of FRANCISCO ACEVEDO, Deceased, Respondent, v JOSE O. BARRIOS ROJAS, Defendant, and Commissioner of Social Services of the City of New York, Appellant. [646 NYS2d 714] —In an action to recover damages for wrongful death, the Commissioner of Social Services of the City of New York appeals from an order of the Supreme Court, Kings County (Spodek, J.), dated April 5, 1995, which granted the plaintiff's motion to vacate the appellant's claim to recover certain public assistance payments from the plaintiff's share of the proceeds of a settlement in the action.

Ordered that the order is affirmed, with costs.

It is undisputed that the decedent, Francisco Acevedo, received public assistance from the New York City Department of Social Services (hereinafter the DSS) during a portion of the time that he was married to the plaintiff Carmen Acevedo. After Francisco died, the plaintiff commenced this action to recover damages for his wrongful death. She subsequently settled the action for the sum of $120,000, whereupon the appellant Commissioner of the DSS claimed pursuant to Social

Services Law § 104 (1) that the DSS was entitled to recoup the public assistance payments previously made to the decedent from the plaintiff's share of the settlement proceeds. The plaintiff moved for an order directing that no portion of the settlement proceeds was subject to such recoupment, and the Supreme Court granted the motion. We affirm.

Social Services Law § 104 (1) authorizes the DSS, *inter alia,* to seek recovery for public assistance benefits paid within the preceding 10 years from any person who is discovered to have real or personal property and who is or was liable to support the public assistance recipient. However, Social Services Law § 101 (1) provides, *inter alia,* that only a spouse who was "of sufficient ability" shall be responsible for the support of such person. Since there was no proof that the plaintiff possessed sufficient financial ability to support her deceased husband *at the time he received public assistance benefits,* the Commissioner failed to demonstrate that the plaintiff is a relative responsible for repayment under Social Services Law § 101 (1) *(see generally, Matter of Craig,* 82 NY2d 388, 392; *Matter of Steuben County Dept. of Social Servs. v Deats,* 76 NY2d 451, 458-459). Accordingly, the DSS is not entitled to recoup those benefits from the plaintiff's share of the subsequent wrongful death settlement.

We note that the duty of support imposed upon spouses pursuant to Family Court Act § 412 does not warrant a contrary conclusion. Both that statute and Family Court Act § 415, which governs spousal support of a public assistance recipient, make reference to the sufficient financial means or ability of the supporting spouse. Moreover, the latter statute has been held to require a showing that the spouse from whom support is sought was of sufficient financial ability at the time public assistance was furnished *(see, Matter of Hackett v Haynes,* 70 AD2d 1051).

The decision in *Mendelson v Transport of N. J.* (113 AD2d 202) is inapposite, since that decision was premised upon the common-law obligation of a husband and father to support his wife and minor children regardless of his financial ability. This common-law obligation is not implicated in the case before us. Mangano, P. J., Sullivan, Santucci, Altman and Hart, JJ., concur.