■ In the Matter of DELAWARE COUNTY DEPARTMENT OF SOCIAL SERVICES, on Behalf of WILLIAM FITCH, Appellant, v KENNETH L. FITCH, Respondent. (And Another Related Proceeding.) [706 NYS2d 270] —Cardona, P. J. Appeal from an order of the Family Court of Delaware County (Estes, J.), entered April 15, 1999, which dismissed petitioner's applications, in two proceedings pursuant to Family Court Act article 4, to direct respondents to reimburse petitioner for Medicaid expenditures incurred in providing treatment for respondents' child.

In May 1998, petitioner filed two petitions, one against each respondent, the parents of then 19-year-old William Fitch, to recover the costs of Medicaid paid on his behalf, principally for inpatient drug rehabilitation treatment from February 16, 1998 through May 28, 1998. Petitioner sought reimbursement in the

amount of $10,515.88. After a hearing, the Hearing Examiner found respondents chargeable for William's support, but no reimbursement was directed based upon respondents' financial circumstances. Thereafter, Family Court denied petitioner's objections and this appeal ensued.

Parents of a child under age 21 who receives public assistance, "if of sufficient ability," may be held financially responsible for the child's support (Family Ct Act § 415; see, Social Services Law § 101 [1]). In this proceeding, pursuant to Family Court Act § 415, petitioner had the burden of proving that William was a recipient of public assistance. Furthermore, it had to prove that respondents were charged with his support and had sufficient financial ability at the time the expenses were incurred to reimburse petitioner for medicaid payments made on behalf of the recipient (see, Matter of Department of Social Servs. [Maud S.] v Richard A., 138 AD2d 487, lv denied 72 NY2d 804; Matter of Smith v Smith, 70 AD2d 938).

Based on this record, we find that petitioner satisfied the first two prerequisites for liability under the statute, but failed to satisfy the third, i.e., the "sufficient means" test. The evidence established that, at the time petitioner incurred the expenses for William (see, Matter of Craig, 82 NY2d 388, 392; Acevedo v Rojas, 230 AD2d 878, 879), respondents' combined weekly gross income was $250 to $320. Contrary to petitioner's contention, we find the evidentiary showing of respondents' financial circumstances during the period in question adequate to rebut the presumption of sufficient means set forth in Family Court Act § 437. Accordingly, we cannot say that Family Court abused its discretion by failing to direct reimbursement for the expenses (see, Family Ct Act § 415; Matter of Parker v Stage, 43 NY2d 128, 133).

We have considered petitioner's remaining contentions and find them unpersuasive.

Peters, Spain, Carpinello and Graffeo, JJ., concur. Ordered that the order is affirmed, without costs.