DOROTHY ZYNC, Petitioner, v PHILIP TOIA, as Commissioner of the New York State Department of Social Services, et al., Respondents.—Determination unanimously annulled, petition granted. Memorandum: In this article 78 proceeding petitioner seeks to annul a determination of the State Commissioner of Social Services discontinuing medical assistance to the petitioner on the ground that she is not a resident of New York State and had entered this State solely for the purpose of receiving medical assistance. Prior to petitioner's admission into Buffalo General Hospital on May 1, 1975, she had been continuously a patient in hospitals or nursing homes in the State of Vermont since 1971. She is now a patient in a nursing home in Erie County. The record at the fair hearing substantiates that her entry into this State and her hospitalization in Buffalo were part of a plan of continued medical treatment (see *Corr v Weschester County Dept. of Social Servs.*, 33 NY2d 111). She immediately applied for medical assistance and was deemed eligible. Thereafter, on July 14, 1975, the Erie County Commissioner of Social Services sent petitioner a notice of intent to discontinue medical assistance pursuant to section 366 of the Social Services Law, claiming that she "came to New York State for the purpose of obtaining Medicaid." Petitioner contends that she qualifies for such medical assistance because she is a resident of New York State. Section 366 (subd 1, par [b]) of the Social Services Law provides that medical assistance shall be given to

one who "is a resident of the state, or, while temporarily in the state, requires immediate medical care * * * provided that such person did not enter the state for the purpose of obtaining such medical care". The meaning of that section, when applied to one who enters this State for reasons of health care, was established in *Matter of Ruiz v Lavine* (49 AD2d 1, 5). It was there held that: "[r]esidence for purposes of the Social Services Law * * * depends upon the applicant's intention to make New York his place of residence; the motivation behind the intention is immaterial, and health reasons are specifically recognized as valid". A bona fide resident of this State is entitled to medical assistance regardless of his or her reason for entering the State *(Corr v Westchester County Dept. of Social Servs., supra,* p 114). It is only those who are temporarily in the State for the purpose of obtaining medical care who are to be denied assistance under the statute *(Ruiz v Lavine, supra,* p 5). Thus the sole issue to be determined at the fair hearing was whether petitioner is a bona fide resident of New York. The commissioner's finding that petitioner "is a resident of the State of Vermont" is not only unsupported by substantial evidence (see *Matter of Pell v Board of Educ.,* 34 NY2d 222), but is wholly without basis in the record. Petitioner testified repeatedly that she has no intention ever to return to live in Vermont, and no evidence of probative force was offered to the contrary. Additionally, though petitioner's testimony lacked specificity as to the precise location of a future place of residence within this State, she was insistent that she considered Buffalo her home and did not presently intend to leave this State even when medically able. She owns no realty in Vermont and none of her children live in that state. One of her daughters resides in Buffalo and petitioner has registered to vote in Erie County and uses its library facilities. On such evidence, the finding that petitioner is not a resident of New York State cannot be sustained *(Matter of Casey v Lavine,* 54 AD2d 250). Thus viewed, it is unnecessary to decide the other issues raised by petitioner on this appeal. (Article 78 proceeding transferred by order of Erie Supreme Court.) Present—Simons, J. P., Dillon, Hancock, Denman and Goldman, JJ.