■    In the Matter of Cheng San Chen et al., Respondents, v Philip L. Toia, as Acting Commissioner of the State of New York Department of Social Services, et al., Appellants.—Judgment affirmed, with costs. Memorandum: Respondents appeal from judgments of Special Term, Supreme Court, Erie County which annulled determinations of respondents terminating medical assistance to the petitioners. A written memorandum was rendered by the courts below in each case, the Chen memorandum specifically adopting the reasoning in the Enomoto memorandum which preceded it. Both cases came before this court on a single question of law. Petitioners are aliens lawfully residing in the United States and the State of New York pursuant to student visas, the Enomotos since 1970 and the Chens since 1969. In September, 1972 petitioner Enomoto applied for and received medical assistance coverage for himself, his wife and their minor child, born in this country, from the Erie County Department of Social Services. In March, 1976 the department discontinued the medical assistance for petitioners while continuing such aid for the child. In April, 1976 a fair hearing was held by the New York State Department of Social Services which resulted in a decision affirming the determination of the Erie County Department of Social Services. Petitioners Enomoto then instituted a CPLR article 78 proceeding which resulted in the judgment appealed from, annulling the determination of respondents. The Chen facts are substantially the same, only the time frame differing. The authority for the aid grant in the instant cases is found in section 366 of the Social Services Law which in part states: “1. Medical assistance shall be given under this title to a person who requires such assistance and who * * * (b) is a resident of the state, or, while temporarily in the state, requires immediate medical care which is not otherwise available, provided that such person did not enter the state for the purpose of obtaining such medical care”. Respondent Toia would expand the definition “resident” to “domiciliary”, thereby implying the need for some more permanent status to achieve eligibility under the statute. This argument fails in the face of the clear language of section 366 (subd 1, par [b]) “while temporarily in the state”. Similarly, reliance upon Federal regulations (42 CFR 448.50, formerly 45 CFR 248.50) designed to set guidelines for the States in applying for certain reimbursement under the Social Security Act is misplaced. The supremacy clause of the United States Constitution prohibits the adoption by a State of programs that are more restrictive than those defined in the Social Security Act or the regulations promulgated thereunder. *(Townsend v Swank,* 404 US 282, 286; *Aitchison v Berger,* 404 F Supp 1137, affd 538 F2d 307, cert den 429 US 890; *Matter of Boines v Lavine,* 44 AD2d 765, 766, mot for lv to app den 34 NY2d 519, app

dsmd 419 US 1040.) A State may, however, for whatever reason, adopt programs that are more liberal than those set forth in the Federal guidelines and carry the costs of such programs without Federal reimbursement. (See *Winters v Lavine,* 574 F2d 46, 70-71; *Matter of Dallas v Lavine,* 79 Misc 2d 395, 400.) Finally, section 131-k of the Social Services Law, also cited by respondents, has no application. That section is titled "Illegal aliens" and throughout refers to aliens who are unlawfully residing in the United States. This clearly does not apply to the petitioners. We agree with the views expressed by the dissenters concerning the anomalous results permitted by the State statute as presently drawn. This, however, is a matter for legislative correction. The courts can only follow the clear and unequivocal language of the statute (Social Services Law, § 366, subd 1, par [b]). All concur, except Simons and Callahan, JJ., who dissent and vote to reverse the judgment and remit the matter for further proceedings in accordance with the following memorandum:

Simons and Callahan, JJ. (dissenting). Petitioners are present in the United States pursuant to temporary student visas. They testified at the fair hearing that they intend to stay here after petitioner husbands complete their schooling but they had not applied for immigrant visas at the time. Each couple has a child born in the United States, who is therefore a citizen of this country, and each couple was expecting a second child at the time of the hearing. The medical benefits sought were for treatment during these pregnancies. Petitioners had been receiving medical benefits which were terminated because the commissioner considered petitioners unlawful aliens, not residents of New York, and therefore ineligible. It is clear that under Federal regulations these petitioners were not eligible. It is equally clear, however, that a State may adopt requirements less restrictive than the Federal Government and forfeit Federal reimbursement for the funds expended if it desires to do so. The issue in this case is whether the State's grant of eligibility in section 366 (subd 1, par [b]) of the Social Services Law, as it applies to these petitioners, is foreclosed by section 131-k of the same law. Respondents held that it is and denied eligibility. As the majority note, petitioners may not qualify for benefits under the statute as residents of New York. Residence is a matter determined by the States and it is settled that for purposes of section 366 of the Social Services Law, residence is determined by the same criteria as domicile, i.e., the intention to establish a permanent residence *(Matter of Corr v Westchester County Dept. of Social Servs.,* 33 NY2d 111, 115-117; *Zync v Toia,* 58 AD2d 1036; *Matter of Ruiz v Lavine,* 49 AD2d 1, 4-5). Federal law defines a nonimmigrant alien holding a temporary student visa as an "alien having a residence in a foreign country which he has no intention of abandoning, who is a bona fide student * * * and who seeks to enter the United States temporarily and solely for the purpose of pursuing * * * a course of study at an established institution of learning" (US Code, tit 8, § 1101, subd [a], par [15], cl [A], subcl [i]); see, also, *Elkins v Moreno,* 435 US 647, 665). Student aliens and foreign born members of their families are permitted entry not as immigrants but for the limited purpose of study. Until they acquire immigrant visas, they remain here solely for that purpose and as a matter of law, they cannot intend to establish domicile in this State because they have not abandoned their former residence. Petitioners, however, are not illegal aliens as defined by section 131-k of the Social Services Law. That section provides only that a person "unlawfully residing in the United States or who fails to furnish evidence" of lawful residence is disqualified. Petitioners are lawfully and temporarily present in the United States as long as their schooling contin-

ues and if they also demonstrate the need for "immediate medical care which is not otherwise available" (Social Services Law, § 366, subd 1, par [b]), they are entitled to benefits. As temporary residents, however, and contrary to the holding of the majority, they must also meet the additional requirement of the statute of the need for "immediate medical care which is not otherwise available". They are not entitled to benefits as are permanent residents solely upon establishing financial need. No doubt many will question the breadth of State statutes which not only permit medical benefits for those persons possessing the wherewithal to come to the United States as students, tourists, travelers in transit, foreign business and diplomatic officials, transport crewman, or any of the several other foreign visitors lawfully but temporarily permitted to enter the State (see US Code, tit 8, § 1101, subd [a], par [15]), but which also permit them to obtain benefits on the same basis applied to permanent residents. Nevertheless, that is precisely the result mandated under present New York Law as the majority interpret it. Since respondents denied petitioners further benefits solely because they were not residents, and failed to determine whether petitioners qualified as persons temporarily in the State requiring immediate medical care not otherwise available, the judgments should be reversed and the matters remitted to respondents for further proceedings. (Appeal from judgment of Erie Supreme Court—art 78.) Present—Cardamone, J. P., Simons, Hancock, Jr., Callahan and Doerr, JJ.