■ In the Matter of YASHIO ENOMOTO et al., Respondents, v PHILIP L. TOIA, as Acting Commissioner of the New York State Department of Social Services, et al., Appellants.—Judgment affirmed, with costs. Same memorandum as in *Matter of Chen v Toia* (67 AD2d 1085). All concur, except Simons and Callahan, JJ., who dissent and vote to reverse the judgment and remit the matter for further proceedings in accordance with the same dissenting memorandum as in *Matter of Chen v Toia* (67 AD2d 1085, *supra*). (Appeal from judgment of Erie Supreme Court—art 78.) Present—Cardamone, J. P., Simons, Hancock, Jr., Callahan and Doerr, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARTIN MATKOWSKI, Appellant.—Judgment unanimously affirmed. Memorandum: The Labor Department investigator was not required to give *Miranda* warnings before interviewing the defendant for unlawfully receiving unemployment insurance benefits during a time when he was gainfully employed. Even though the department's investigation had been completed and the clear purpose of its interrogation of defendant in its local office was to obtain his admission of guilt, defendant was not in custody and his freedom of action was not curtailed *(Beckwith v United States,* 425 US 341; *Miranda v Arizona,* 384 US 436; *People v Huffman,* 41 NY2d 29; *People v Yukl,* 25 NY2d 585; *People v Rodney P.,* 21 NY2d 1). Defendant's admission of guilt was not the product of coercion and his statement was voluntary beyond a reasonable doubt *(People v Anderson,* 42 NY2d 35; CPL 60.45). In view of this determination it is unnecessary to address the separate question of whether an investigator for the Labor Department, whose job is to investigate fraud, is a law enforcement officer within the meaning of CPL 60.45 (subd 2, par [b]). (Appeal from judgment of Wayne County Court—grand larceny, second degree.) Present—Simons, J. P., Hancock, Jr., Schnepp, Witmer and Moule, JJ.