■ In the Matter of AUGUST RICKEY, Appellant, v CESAR PERALES, as Commissioner of the New York State Department of Social Services, et al., Respondents. — Appeal from a judgment of the Supreme Court at Special Term (Hughes, J.), entered December 9, 1983 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to annul a determination of the State Department of Social Services denying petitioner's request for a redetermination of his medical assistance coverage. ¶ Petitioner has been disabled by emphysema since 1975. During

the period in question here, he received $417 per month in Social Security disability payments. His wife and two minor children each received $95 per month in Social Security benefits, while his wife's earned income brought in an additional $393.68 per month. ¶ Petitioner also received, individually, Medicaid benefits from the Cattaraugus County Department of Social Services (CCDSS). He was eligible for Medicaid as a disabled person who met the financial eligibility requirements for (although he did not receive) certain Federal benefits known as Supplemental Security Income (SSI) for the aged, blind and disabled (US Code, tit 42, § 1381 *et seq.*; Social Services Law, § 366, subd 1, par [a], cl [2]). CCDSS subsequently advised petitioner that his Medicaid benefits would be reduced because his wife's income had increased. CCDSS based its calculations on its finding that petitioner should receive the monthly net income exemption for a two-person household ($509), rather than the exemption for a four-person household ($525) (Social Services Law, § 366, subd 2, par [a], cl [8]). CCDSS had concluded that the exemption allowable for a two-person household was applicable in petitioner's case because it was in his identity as a person financially eligible for SSI benefits that he applied for and was found individually eligible for Medicaid. SSI benefits are calculated on the basis of a one- or two-person household (that of the eligible individual and, where applicable, of his spouse) (US Code, tit 42, § 1382). Petitioner would also have been eligible for Medicaid benefits for himself and his family based on his children's eligibility for Aid to Dependent Children (ADC) (Social Services Law, § 366, subd 1, par [a], cl [1]). However, in applying for Medicaid, petitioner chose not to have his eligibility determined on this basis. If he had, the entire family of four would have been included in the calculations and petitioner's benefits as an individual would have been less. Since petitioner chose to apply for Medicaid on an individual basis as an SSI-eligible person, CCDSS ruled that he was bound by the designation of belonging to a two-person household in all future calculations of his benefits. ¶ Petitioner received a fair hearing before the State Department of Social Services which affirmed CCDSS's determination. He then brought the instant CPLR article 78 proceeding to annul this determination insofar as it permitted CCDSS to calculate his Medicaid benefits based on a two-person household's monthly net income exemption. Special Term dismissed the petition and this appeal ensued. ¶ The language of section 366 (subd 2, par [a], cl [8]) of the Social Services Law regarding income exemptions is plain. It states that an applicant's annual net income exemption shall be based on the "[n]umber of family members in a household and family members for whom [the applicant is] legally responsible". Petitioner resides with his wife and two minor children, all of whom are his legal responsibilities (Social Services Law, § 101). Clearly, the calculations of his excess monthly income for Medicaid purposes should have been based on a four-person household. ¶ In so holding, we reject respondents' argument that since SSI benefits are calculated based on a two-person household and since it was petitioner's eligibility for SSI that rendered him eligible for Medicaid, the amount of his income exemption allowable under section 366 must also be based on a two-person household. We will not ignore the plain meaning of section 366 (subd 2, par [a], cl [8]) of the Social Services Law and thereby abridge petitioner's rights merely for the sake of consistency. In adhering to the plain meaning of this section, we note that "[t]he courts can only follow the clear and unequivocal language of the statute" (*Matter of Cheng San Chen v Toia,* 67 AD2d 1085, 1086, affd 50 NY2d 826). Anomalous results must be left to the Legislature for correction (*supra*). ¶ We so rule despite the language of the Federal law pertaining to State plans for medical assistance (US Code, tit 42, § 1396a, subd [a], par [10], cl [C]), which provides that income eligibility for local medical assistance programs is to be

determined using "the same methodology which would be employed under the supplemental security income [SSI] program". This language speaks to the determination of *whether* a person is eligible for benefits and not to a calculation of the *amount* of his benefits. ¶ Finally, respondents' reliance on *Matter of Vailes v D'Elia* (54 NY2d 663) is misplaced. The court in *Vailes* did not interpret section 366 (subd 2, par [a], cl [8]) of the Social Services Law. Instead, it spoke to the issue of whether one child in a family, who was not applying for Medicaid, should be counted in the computation of Medicaid benefits for two other children in the family who were applying. The court held that the nonapplicant child should not be counted since only parents and spouses are relatives whose income is to be taken into account. That holding is not inconsistent with the instant determination. Here, the children sought to be included in the "household" are the legal responsibility of petitioner and so are properly includable pursuant to section 366 (subd 2, par [a], cl [8]). The child in question in *Vailes* was not the legal responsibility of the two minor applicants and so he was properly excluded from the calculations. ¶ We conclude that the judgment appealed from must be reversed so that petitioner's monthly net income exemption under section 366 (subd 2, par [a], cl [8]) of the Social Services Law can be recomputed in accordance with this decision. ¶ Judgment reversed, on the law, without costs; that portion of the determination of the State Department of Social Services which ruled that petitioner's monthly net income exemption be computed based upon a two-person household is annulled, and matter remitted to respondents for further proceedings not inconsistent herewith. Mahoney, P. J., Kane, Main, Levine and Harvey, JJ., concur.