OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed, with costs.
Plaintiffs are legal aliens admitted into the United States under sponsoring affidavits pursuant to 8 USC § 1182 (see also, 22 CFR former 42.91, redesignated 22 CFR 40.7). Within three years of entering the United States, plaintiffs sought public assistance. Defendants denied plaintiffs benefits under the Home Relief program based on the "deeming” provision of Social Services Law § 131-k (3), which provides that for three years after the alien’s entry into this country the income of a sponsor is deemed available to the sponsored alien for determining the alien’s eligibility for Home Relief benefits (see also, 18 NYCRR 349.3, 352.33). The State Department of Social Services administrative directive 81 ADM-55 interprets Social Services Law § 131-k (3) as requiring that the sponsor’s income be deemed available to the alien whether or not it is actually available. According to the administrative directive, aliens who cannot obtain their sponsor’s cooperation to provide income information are not eligible for Home Relief benefits. *885 Plaintiffs’ sponsors refused to provide the required income information and defendants informed plaintiffs that they were not eligible for Home Relief benefits.
Home Relief is a public assistance program designed to aid needy persons who are not receiving assistance from other sources (see, Social Services Law § 131). The program is funded entirely by the State. Defendants do not dispute the holding of the courts below that the deeming provision of Social Services Law § 131-k (3) violates NY Constitution, article XVII, § l’s mandate that the State aid the needy (see, Tucker v Toia, 43 NY2d 1, 9). Defendants contend, however, that the income deeming policy applicable to the Federally funded Aid to Families with Dependent Children program (AFDC) (see, 42 USC § 615), upon which Social Services Law § 131-k (3) is modeled, was intended by Congress to serve the important governmental purpose of discouraging unqualified immigration into the United States. Thus, defendants argue that Federal preemption in the field of immigration mandates that Social Services Law § 131-k (3) be upheld to conform to congressional intent. In effect, defendants claim that the doctrine of Federal supremacy prohibits the State courts from holding a State statute as applied to a State-funded program unconstitutional under the State Constitution because such a ruling would impliedly conflict with Federal legislation. We disagree.
Defendants have failed to show that by enacting the Federal deeming policy concerning aliens’ eligibility for AFDC, Congress intended to preempt State assistance for aliens as a matter of immigration policy. Even though striking down the State deeming policy of Social Services Law § 131-k (3) entitles aliens to receive State public assistance, such action does not constitute a regulation of immigration subject to Federal preemption (see, De Canas v Bica, 424 US 351, 355). The Federal deeming policy was an amendment to the Federal AFDC statute, not the Federal immigration statute. Also, Congress rejected a proposed amendment to the Federal immigration statute that would have made sponsor agreements to support an alien legally binding obligations and instead amended the AFDC statute, suggesting that the Federal deeming provision was not an immigration regulation. Additionally, Congress’ failure to amend other Federal grant-in-aid programs, such as Medicaid, to include a sponsor income deeming provision indicates that Congress has not intended to create a comprehensive Federal benefits policy for sponsored immigrants. Thus, the sponsor income deeming amendment to the *886 Federal AFDC statute does not require this Court to uphold an otherwise unconstitutional restriction on the State’s duty to aid the needy. Moreover, to the extent the purpose of the Federal deeming policy is to reduce the cost of the Federally funded AFDC program, that purpose is in no way thwarted by a State’s decision to expend its own funds in providing for its needy (see, New York Dept. of Social Servs. v Dublino, 413 US 405, 413; Rosado v Wyman, 397 US 397, 420; see also, Matter of Enomoto v Toia, 50 NY2d 826, affg 67 AD2d 1087).
Chief Judge Wachtler and Judges Simons, Kaye, Alexander, Titone, Hancock, Jr., and Bellacosa concur.
Order affirmed, with costs, in a memorandum.