■ BASYA VARSHAVSKY et al., Respondents, and ESTELLE GELLER et al., Intervenors-Respondents, v CESAR PERALES, as Social Services Commissioner of the State of New York, et al., Appellants. [608 NYS2d 184] —Order, Supreme Court, New York County (Beverly Cohen, J.), entered on or about March 16, 1992, which, *inter alia,* granted plaintiffs' motions for intervention, class certification and a preliminary injunction, and order, same court and Justice, entered May 26, 1993, which, upon granting defendants' motion for reargument and renewal, adhered to the March 16, 1992 determination, unanimously affirmed, without costs.

This action arises out of defendant Department of Social Services' termination of its prior practice of conducting home hearings for persons unable, due to physical or mental disability, to travel to central hearing sites to participate in statutory fair hearings.

Class certification was appropriately granted, notwithstand-

ing the governmental entity doctrine *(Matter of Martin v Lavine,* 39 NY2d 72, 75; *Matter of Kelly v Bane,* 192 AD2d 236, 245), in view of defendants' demonstrated reluctance to extend the temporary injunctive relief to individuals other than the named plaintiffs *(see, Matter of Lamboy v Gross,* 126 AD2d 265, 273-274). The "right to request a fair hearing cannot be limited or interfered with in any way" (18 NYCRR 358-3.1 [a]), and includes the right to "appear and participate at [the] conference and fair hearing [and] to explain your situation" (18 NYCRR 358-3.4 [g]), and "to have the fair hearing held at a time and place convenient to you as far as practicable, taking into account circumstances such as your physical inability to travel to the regular hearing location." (18 NYCRR 358-3.4 [j].) Clearly, plaintiffs have demonstrated irreparable harm by the termination of home hearings, especially in light of defendants' practice of deeming their requests for a home hearing abandoned or waived when they did not appear at the central hearing sites. Furthermore, plaintiffs have demonstrated a likelihood of success on the merits of their claim that they were statutorily entitled to a fair hearing even if unable to travel to the central hearing sites, since defendants, at that time, had no alternative procedures, and the substantial nature of the threatened deprivations in the documented cases weighs heavily when compared to the fiscal and staffing problems cited by defendants. Concur—Murphy, P. J., Ross, Rubin and Tom, JJ.

Sullivan, J., concurs in a memorandum as follows: I join in the affirmance but with the caveat that there appears to be no justification for the preliminary injunction's provision entitling a claimant, faced with an adverse determination after a telephonic fair hearing, to an at-home hearing, *de novo.* On the basis of this record there is no reason to assume that a telephonic hearing involved a credibilty issue, which is the rationale for the provision permitting a *de novo* in-person hearing, or that, even if such issue existed, it was unfairly decided. Since, however, the preliminary injunction at issue follows in the wake of numerous temporary restraining orders, each different from the other and each tailored to meet specific concerns, it is obvious that the IAS Court is closely monitoring the situation and will be guided by the results generated by implementation of the present order. Finally, it should be noted, we are dealing here with an award of provisional relief only.