■ CHARLENE DAVIS et al., Respondents, and JENNIFER RICHARDS, Proposed Intervenor-Respondent, v KATHRYN CROFT et al., Appellants. [654 NYS2d 374] —Order, Supreme Court, New York County (Emily Jane Goodman, J.), entered February 14, 1996, which granted petitioners' motion for interim class certification and a preliminary injunction enjoining respondents from, *inter alia,* reducing homemaking services for any member of the class without first making an individualized determination that service should be reduced due to either (1) evidence of a significant positive change in circumstances or (2) the implementation of an appropriate alternative plan, unanimously reversed, on the law, without costs, the motion for class certification denied and the action on behalf of the named plaintiffs dismissed as moot. The Clerk is directed to enter judgment accordingly.

Generally, class certification is inappropriate where governmental operations are concerned, since any relief granted to an individual petitioner challenging a governmental operation will adequately flow to others similarly situated under principles of stare decisis (*Matter of Martin v Lavine*, 39 NY2d

72, 75). We find no reason to depart from this general rule in this matter, as petitioners made no showing that members of the proposed class were unable to protect their rights by following the administrative procedures providing for fair hearings with "aid continuing" pending a decision on the hearing (*cf., Varshavsky v Perales*, 202 AD2d 155). Indeed, petitioners have not satisfactorily shown that their grievances were part of an ongoing and continuing problem which was likely to result in similar harm to others. Instead, it appears clear from the record that petitioners were caught in an unfortunate but temporary situation of administrative confusion created when the Child Welfare Administration (now the Administration for Child Services) of the New York City Human Resources Administration determined to change its policy for renewing authorizations for homemaking services pursuant to 18 NYCRR 460.2.

Furthermore, the record makes clear that the proposed class representatives in this case did subsequently receive the notice they originally contended had not been provided, did receive fair hearings and did receive "aid continuing" until the issuance of the fair hearing decision (18 NYCRR 358-3.6).

Under these circumstances, certification of a class was not appropriate. Insofar as the action was brought on behalf of the named petitioners, it is moot. Concur—Sullivan, J. P., Ellerin, Nardelli, Tom and Andrias, JJ.