OPINION OF THE COURT
Harold Tompkins, J.
The constitutionality of Social Services Law § 95 (10) (b), *348 which provides State-funded food assistance to some but not all of the lawful permanent residents who, prior to August 22, 1996, were eligible for food stamps, is the issue before this court. It arises in the context of a motion to enjoin the implementation of Social Services Law § 95 (10) (b), which, in pertinent part, restricts eligibility for food stamp benefits to those noncitizens who were living in the United States on August 22,1996 (the date the welfare reform law [8 USC § 1601 et seq.], the Personal Responsibility and Work Opportunity Reconciliation Act of 1996, became effective), are either elderly, disabled or under 18 years of age, have not been outside the United States for more than 90 days in the year preceding their application for benefits and have either applied for citizenship or do apply for citizenship within 30 days. Plaintiffs are individuals who fall into the categories that are not eligible for food stamp benefits. Additional interveners have sought to be joined and the court has added them to this action. Plaintiffs also seek class certification. The court, by decision dated August 7, 1998, temporarily enjoined the local social services agencies from denying food stamp benefits to plaintiffs due to Social Services Law § 95 (10) (b). On September 23, 1998, the interim stay was continued pending this court’s decision on plaintiffs’ application for injunctive relief. The motion for class certification is denied since there is no need to depart from the general rule that stare decisis is usually adequate in an action challenging governmental operations (see, Davis v Croft, 237 AD2d 163 [1st Dept 1997]).
In 1964, Congress adopted the Federal food stamp program (7 USC § 2011 et seq.). The food stamp program was an entitlement program open to citizens and lawful resident aliens with a net income at or below the Federal poverty level (7 USC § 2014 [c]) for the purpose of improving the nutrition and health of those unable to provide for themselves. As part of the comprehensive reform of the welfare laws, the entitlement to food stamps was repealed for resident aliens with certain exceptions* not relevant to this action effective August 22, 1997.
As part of a 1997 revision to the welfare reform law, Congress explicitly permitted the States to issue benefits to those individuals whose entitlement to food stamp benefits had *349 been revoked (7 USC § 2016 [j]). New York State adopted chapter 436 of the Laws of 1997, Social Services Law § 95 (10) (b), to address the problem of underage, elderly, disabled and long-time residents, who were lawfully present in the United States but who were no longer eligible for food stamps by providing State food aid assistance. This lawsuit by plaintiffs asserts that not providing food assistance to the 18 through 59 year old, nondisabled, and recently arrived residents violates the constitutional guarantee of equal protection. A legislative enactment is presumptively constitutional and there is an exceedingly heavy burden of demonstrating beyond a reasonable doubt that a statute violates the Constitution (see, Elmwood-Utica Houses v Buffalo Sewer Auth., 65 NY2d 489, 496 [1985]). Under the constitutional guarantee of equal protection, similarly situated persons should be treated alike (see, Cleburne v Cleburne Living Ctr., 473 US 432, 439 [1985]; Matter of Esler v Walters, 56 NY2d 306, 313-314 [1982]). “In the area of economics and social welfare, a State does not violate the Equal Protection Clause merely because the classifications made by its laws are imperfect. If the classification has some ‘reasonable basis,’ it does not offend the Constitution simply because the classification ‘is not made with mathematical nicety or because in practice it results in some inequality’ ” (Dandridge v Williams, 397 US 471, 485 [1970]; see also, Montgomery v Daniels, 38 NY2d 41, 61 [1975]). Under the rational basis standard, the “general rule is that legislation is presumed to be valid and will be sustained if the classification drawn by the statute is rationally related to a legitimate state interest * * * When social or economic legislation is at issue, the Equal Protection Clause allows the States wide latitude * * * and the Constitution presumes that even improvident decisions will eventually be rectified by the democratic processes” (Cleburne v Cleburne Living Ctr., supra, at 440).
In light of the explicit congressional approval permitting the States to provide food aid benefits to the persons who lost benefits, the court cannot consider alienage a suspect classification in this case. The case must therefore be analysed under the rational basis test.
Plaintiffs assert that the gap in coverage lacks any reasonable purpose. Social Services Law § 95 (10) (b) acts to fill the gap in coverage left in the wake of the Federal welfare reform law. It targets the limited funds available to the assistance of those most likely to need help, that is, the elderly, the infirm *350 and minors. Focusing benefits on those categories of persons most likely to need assistance is well within the Legislature’s authority as having a reasonable basis. It is similarly reasonable for the Sate to focus food assistance on those individuals who were present and remained in this country prior to the effective date of the new welfare reform law. These people were already here and are in a different situation than people who moved here after the law’s effective date and, therefore, had constructive knowledge that food aid assistance would not be available. The remedy for potential inequity is the democratic process that has already adopted the reforms of Social Services Law § 95 (10) (b).
Plaintiffs’ motion for an injunction is denied. The court is sympathetic to the plight of the plaintiffs and their real need. However, it cannot ignore the settled principles of law. Plaintiffs have not met the heavy burden required to warrant setting aside a legislative enactment in the social welfare area (see, Elmwood-Utica Houses v Buffalo Sewer Auth., supra). The interim stay issued by this court on August 7, 1998 is dissolved on January 5, 1999.

 The exceptions were alien legal residents currently serving in the Armed Forces or who had been honorably discharged from service, or immigrants who had worked for 10 years. Additionally, refugees, asylees and parolees had a five-year exemption.