■ GERARDO ALVARINO et al., on Behalf of Themselves and All Others Similarly Situated, Appellants, and VITALIY ANDROSHCHUK et al., Intervenors, v BRIAN J. WING, as Commissioner of the New York State Office of Temporary and Disability Assistance, Respondent. [690 NYS2d 262] —Order, Supreme Court, New York County (Harold Tompkins, J.), entered January 7, 1999, which, in an action by plaintiffs, lawful resident aliens, challenging the constitutionality of Social Services Law § 95 (10) insofar as it restricts food assistance to certain categories of aliens, denied plaintiffs' motion for a preliminary injunction prohibiting the State and its local social services districts from implementing Social Services Law § 95 (10) (a) and (b) (ii)-(v), and for class certification, unanimously affirmed, without costs.

Plaintiffs' argument that they are being denied assistance for reasons unrelated to need in violation of NY Constitution, article XVII, § 1 addresses the manner and level of assistance, not the denial of any assistance, and indeed all but one of the named plaintiffs is currently receiving public assistance. In actuality, the argument is an equal protection claim (see, Matter of Lee v Smith, 43 NY2d 453, 460), to which the IAS Court properly applied rational basis rather than strict scrutiny review. Although State classification of aliens is subject to strict scrutiny (see, Graham v Richardson, 403 US 365, 372), the classification challenged here was enacted in direct response to a Federal supplemental appropriations bill (Pub L 105-18) authorizing the States to provide food assistance to aliens no longer eligible for Federally funded food stamps by reason of the enactment of the Personal Responsibility and Work Opportunity Reconciliation Act of 1996 (8 USC § 1612).

The challenged provisions are therefore entitled to the same rational basis review as would a Federally enacted law classifying aliens (see, *Mathews v Diaz*, 426 US 67, 81-83; *State of Washington v Confederated Bands & Tribes of Yakima Indian Nation*, 439 US 463, 500-501). No argument is made challenging the rationality of any of the five requirements an alien must satisfy in order to qualify for food assistance—under the age of 18 or elderly or disabled; resident in a social services district that has opted to participate in the program; resident in the same social services district since August 22, 1996, the effective date of the Personal Responsibility and Work Opportunity Reconciliation Act of 1996; not have been away from the United States for more than 90 days within the 12-month period preceding the application for food assistance; and apply for citizenship within 30 days of applying for food assistance. Class certification is unwarranted since "governmental operations are involved, and * * * subsequent petitioners will be adequately protected under the principles of *stare decisis*" (*Matter of Jones v Berman*, 37 NY2d 42, 57). Concur—Ellerin, P. J., Rosenberger, Wallach and Saxe, JJ. [*See*, 179 Misc 2d 347.]