■ In the Matter of MOHAMED ALIESSA et al., Respondents, v ANTONIA NOVELLO, Appellant. [712 NYS2d 96] —Judgment (denominated an order), Supreme Court, New York County (Sheila Abdus-Salaam, J.), entered July 7, 1999, which granted defendant's motion for reargument and, upon reargument, granted plaintiffs' motion for summary judgment to the extent of declaring that Social Services Law § 122 violates article XVII (§ 1) of the New York State Constitution insofar as it denies medical assistance to legal immigrants, including Persons Residing Under Color of Law, who reside in New York State and granted related injunctive relief against defendant, unanimously reversed, on the law, without costs, plaintiff's motion denied in all respects, defendant's motion for summary judgment granted, and it is declared that Social Services Law § 122 does not violate article XVII (§ 1) of the New York State Constitution.

New York State Social Services Law § 122 was enacted as part of the New York State Welfare Reform Act of 1997 in response to and in furtherance of the Personal Responsibility and Work Opportunity Reconciliation Act ([PRWORA] 8 USC § 1601 et seq.), enacted by Congress in 1996 and designed to make aliens self-sufficient and limit the degree to which the availability of public benefits would constitute an incentive for immigration to the United States (8 USC § 1601 [1], [2]).

Pursuant to Social Services Law § 122, an alien whose status is not within the meaning of the term "qualified alien," as defined in 8 USC § 1641 (b) and (c), is eligible only for Medicaid coverage for services necessary to treat an emergency medical condition (8 USC § 1611 [b] [1] [A]; Social Services Law § 122

[1] [c] [ii]; [e]). However, the statute fills certain gaps in the Federal coverage by providing coverage for all qualified aliens who entered the United States prior to August 22, 1996, provided that they are financially and otherwise eligible for the services (§ 122 [1] [b] [i]). Subdivision (1) (c) also creates an exception for so-called PRUCOL aliens (non-citizens permanently residing under color of law) who, as of August 4, 1997 (the date of enactment), were receiving full Medicaid coverage and either: (1) were residing on that date in a residential health care facility licensed by the department or in a residential facility licensed, operated or funded by the State Office of Mental Health or Office of Mental Retardation and Developmental Disabilities; or (2) on such date, were diagnosed as having AIDS.

Thus, provided that they remain otherwise eligible, these grandfathered, non-qualifying, needy aliens continue to receive the full Medicaid benefits they were receiving prior to the enactment date of the statute. Eligibility was also extended for the refugee/asylee class beyond the Federally mandated seven year period (§ 122 [1] [a] [i], [iii], [vi], [vii]; [b] [i]). Full coverage was also provided to qualified aliens who entered the country on or after August 22, 1996 at the end of their five-year eligibility period (§ 122 [1] [b] [ii]).

In holding that section 122 violated article XVII (§ 1) of the New York State Constitution insofar as it denied medical assistance to legal residents, including those who are PRUCOL, based solely on their immigration status, the IAS Court incorrectly distinguished this case from our recent decision in *Alvarino v Wing* (261 AD2d 255) on the ground that, unlike the plaintiffs in *Alvarino*, the plaintiffs here are challenging the denial of *any* medical assistance for reasons unrelated to need.

However, this is not an instance where the State unconstitutionally denied *all* aid to a needy section of its population, as found in those cases relied upon by plaintiffs (*see, Tucker v Toia*, 43 NY2d 1 [denial of Home Relief to all needy persons under 21 not living with parent or guardian until an order of disposition in a support proceeding was obtained]; *Minino v Perales*, 79 NY2d 883 [legal aliens unable to obtain sponsors' income information ineligible for any form of public assistance]). Here, section 122 limits only one form of assistance, non-emergency Medicaid, for a limited five-year period, to a certain subset of aliens who do not meet Federally defined qualification criteria.

In *Alvarino v Wing* (*supra*), this Court found a similar restriction of eligibility for food stamps to certain categories of aliens not violative of article XVII (§ 1) of the State Constitu-

tion and rejected the same arguments raised by plaintiffs here. Contrary to plaintiffs' contention, this is not a situation where all medical assistance is denied. On the contrary, only the "manner and level" of medical assistance is restricted (*supra*, at 255).

Nor does it violate the mandate of article XVII (§ 3) that "[t]he protection and promotion of the health of the inhabitants of the state are matters of public concern and provision therefor shall be made by the state and by such of its subdivisions and in such manner, and by such means as the legislature shall from time to time determine." Again, this section affords the Legislature the same broad discretion as ·section 1 in determining the manner and means of promoting public health (*see, Hope v Perales*, 83 NY2d 563, 578).

Finally, although plaintiffs argue that Social Services Law § 122 violates their Federal and State equal protection rights and must be reviewed under the strict scrutiny standard, the IAS Court, upon reargument, reluctantly but properly held that the rationality standard of review applied to an equal protection challenge to the section since it was enacted, as was Social Services Law § 95 (10) (b) (the subject of the *Alvarino* litigation), pursuant to the policies expressed in PRWORA. In *Alvarino v Wing*, this Court held that State-made classifications enacted pursuant to Federal immigration legislation are "entitled to the same rational basis review as would a Federally enacted law classifying aliens" and plaintiffs' present arguments were rejected (*supra*, at 256; *see also, Washington v Confederated Bands & Tribes of Yakima Indian Nation*, 439 US 463, 501 [State action subject to rational review and not strict scrutiny where State acts "in response to a federal measure explicitly designed to readjust the allocation of jurisdiction over Indians"]).

Accordingly, inasmuch as New York State herein acted in furtherance of constitutionally valid Federal immigration policies, Social Services Law § 122 does not improperly discriminate on the basis of alien status under the equal protection provisions of the Federal or State Constitutions and does not violate New York State Constitution, article XVII, § 1. Concur—Williams, J. P., Mazzarelli, Wallach, Andrias and Friedman, JJ.